## LEHON *v.* CITY OF ATLANTA.

ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 103. Submitted November 14, 1916.—Decided December 4, 1916.

Ordinances of a city which subject the business of private detectives and detective agencies to police supervision, and provide that no person shall engage in such business without first obtaining recommendation by the Board of Police Commissioners, taking the oath prescribed for city detectives and giving a bond in the sum of $1,000 to secure proper conduct, do not violate the Fourteenth Amendment.

A contention to the contrary is not, however, frivolous.

A State, under her police power, may supervise and regulate the police business within her limits and all that pertains to it, and this as regards the citizens of other States as well as her own.

Even though the ordinances were construed by local officials, in other cases, as excluding nonresidents from the detective business in Georgia, one who made no application to comply with them and thus failed to obtain a construction of them in his own case, is not entitled to raise in this court the question whether they discriminate against him as a citizen of another State. *Gundling* v. *Chicago,* 177 U. S. 183.

16 Ga. App. 64, affirmed.

THE case is stated in the opinion.

*Mr. John D. Little, Mr. Arthur G. Powell, Mr. Marion Smith* and *Mr. Max F. Goldstein* for plaintiff in error.

*Mr. Samuel D. Hewlett* and *Mr. James L. Mayson* for defendant in error.

Mr. Justice McKenna delivered the opinion of the court.

The question in the case is the validity of ordinances of the City of Atlanta, Georgia, which subject the business of a private detective or detective agency to police supervision and provide that no person shall carry on such business without being first recommended by the Board of Police Commissioners and taking the oath of a city detective and giving a bond in the sum of $1,000 as prescribed by the ordinances.

Plaintiff in error was convicted in the recorder's court of the city of a violation of the ordinances and sentenced to pay a fine, with the alternative of imprisonment. Under the local procedure a petition for certiorari was presented to the judge of the superior court of the county to review the conviction, and was refused "sanction," to use the local word. This action was approved by the Court of Appeals and the judgment affirmed.

The Court of Appeals rejected the contention that the ordinances were unreasonable and void under the constitution of the State, to review which decision we, of course, have no power; and it also sustained the ordinances against the contention that they offended the clauses of the Fourteenth Amendment to the Constitution of the United States. The latter contention is repeated here.

His contention, in its most general form, is that the ordinances abolish the occupation of private detective by the requirements of application for a permit to the police commission of the city, the approval of the chief of police, oath of office and to work under police supervision. These requirements, it is insisted, offend the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

The contention makes a federal question, and, as we are

not disposed to consider it frivolous, a motion to dismiss which is made will be denied.

In passing upon the merits we assume the facts of the complaint were established; that is, that plaintiff in error was proved to have acted as a private detective, though he denied and denies it, and that his services were those of a "sleuth," though he asserts they were only those of a clerk. We make these assumptions against the denials of plaintiff in error because to sustain the denials he selects parts of the testimony only and ignores also the deduction that it was possible to make even from that testimony.

The only question for our decision is the validity of the law, and of that we have no doubt. Nor are we disposed to take much time in its discussion, notwithstanding the earnest argument of plaintiff in error. The extent of the police power of the State has been too recently explained to need further enunciation. The present case is easily within its principle. It would be very common-place to say that the exercise of police is one of the necessary activities of government and all that pertains to it may be subjected to regulation and surveillance as a precaution against perversion. The Atlanta ordinances do no more. They provide in effect that all who engage in it or are connected with it as a business shall have the sanction of the State, have the stamp of the State as to fitness and character, take an oath to the State for faithful execution of its duties and give a bond for their sanction. This the State may do against its own citizens and may do against a citizen of Louisiana, which plaintiff in error is, or against a citizen of any other State.

But the ruling of the local officers in refusing approval of applications of nonresidents of Georgia is urged as a construction of the ordinances or laws of the State and, it is contended, makes them discriminatory against citizens of other States. Plaintiff in error, however, ad-

mits he made no effort to comply with the ordinances. The Court of Appeals, therefore, was of opinion that, whether certain sections of the Penal Code of the State did or did not exclude citizens of other States from engaging as private detectives, plaintiff in error was deprived of no constitutional right, for "as to him, the ordinances were never construed at all." In other words, that he had not asserted a right, and in the absence of assertion could not have it judicially passed on. We concur in the ruling. It is within the principle of *Gundling* v. *Chicago*, 177 U. S. 183. To complain of a ruling one must be made the victim of it. One cannot invoke to defeat a law an apprehension of what might be done under it and, which if done, might not receive judicial approval.

*Judgment affirmed.*