Alexander Roman, Appellant, *v.* Juliana Lobe, Respondent.

**Constitutional law — real estate brokers — requirement that they be licensed a constitutional exercise of legislative power.**

The Legislature has a wide discretion in determining whether a business or occupation shall be barred to the dishonest or incompetent, and acts within its lawful powers when it establishes a system of licenses for real estate brokers with annual renewals. (Real Prop. Law, art. XII-A; Cons. Laws, ch. 50.)

*Roman* v. *Lobe,* 213 App. Div. 162, affirmed.

(Argued May 5, 1926; decided May 25, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1925, which unanimously affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of defendant. (See 241 N. Y. 514; 242 N. Y. 568.)

*Abraham Feinstein* and *Louis J. M. Druss* for appellant. Chapter 672 of the Laws of 1922 is an invalid exercise of police power in that it violates the Federal and State Constitutions. (*People* v. *Beattie,* 96 App. Div. 383; *People* v. *City Prison,* 144 N. Y. 529; *Hauser* v. *North British,* 206 N. Y. 455; *Ives* v. *Southern Buffalo,* 201 N. Y, 271; *People* v. *Klinck Packing Co.,* 214 N. Y. 121; *People* v. *Gillson,* 109 N. Y. 389; *People* v. *Orange Co.,* 175 N. Y. 84; *People* v. *Williams,* 189 N. Y. 131; *People* v. *Marx,* 99 N. Y. 377; *People* v. *Arsenberg,* 103 N. Y. 388; *Forster* v. *Scott,* 136 N. Y. 577; *Schnaier* v. *Hotel Navarre,* 182 N. Y. 183.) Appellant was a licensed real estate broker within the purview of the Real Property Law on the date when the contract was signed. (L. 1922, ch. 672; *Merzarian* v. *Papazian,* 199 Pac. Rep. 826.)

*Frank J. Irving* and *Peter B. Hanson* for respondent. Chapter 672 of the Laws of 1922 is constitutional. (*People ex rel. Nechamcus* v. *Warden, etc.,* 144 N. Y. 529; *People* v. *Gillson,* 109 N. Y. 389; *Hauser* v. *North British & Mercantile Insurance Co.,* 206 N. Y. 455; *People ex rel. Armstrong* v. *Warden, etc.,* 183 N. Y. 223; *Musco* v. *United Surety Co.,* 196 N. Y. 459; *People* v. *Weller,* 237 N. Y. 316; *Biddles, Inc.,* v. *Enright,* 239 N. Y. 354; *Groetzinger* v. *Forest Hills Terrace Corp.,* 205 N. Y. Supp. 125.) The appellant was not a licensed real estate broker within the purview of the Real Property Law on the date when the contract was signed. (L. 1922, ch. 672.)

*Albert Ottinger, Attorney-General (Henry S. Manley* of counsel), for respondent. Licensing of real estate brokers is a proper exercise of the police power. (*Munn* v. *Illinois,* 94 U. S. 113; *Fisher Co.* v. *Woods,* 187 N. Y. 90; *Keller* v. *Jamaica Motor Service Corp.,* 125 Misc. Rep. 825; *Luce* v. *Cook,* 227 Penn. St. 224; *City of Little Rock* v. *Barton,* 33 Ark. 436; *Buckley* v. *Humason,* 50 Minn. 195; 52 N. W. 385; *Riley* v. *Chambers,* 181 Cal. 589; *Bratton* v. *Chandler,* 260 U. S. 110; *Hoblitzel* v. *Jenkins,* 263 S. W. Rep. 764; *Truax* v. *Corrigan,* 257 U. S. 312.)

CARDOZO, J. Plaintiff, a broker, having effected a sale of real estate, sues the seller for his commissions. The defendant, admitting the employment and the service, defends upon the ground that the broker was not licensed in accordance with the statute (Real Prop. Law [Cons. Laws, ch. 50], art. XII-A). Plaintiff held a license for the year ending September 30, 1923. He did not obtain a renewal license till October 26, 1923. He was thus without a license on October 16, 1923, when the purchaser was procured and the cause of action arose. There was judgment for the defendant, which was unanimously affirmed, first at the Appellate Term and later at the Appellate Division. The

sole question in this court is whether the requirement of a license is a constitutional exercise of legislative power.

By article XII-A of the Real Property Law, enacted in 1922, a real estate broker in certain cities and counties may not do business as such until a license has been issued (§ 440-a). There were amendatory statutes in 1923 (L. 1923, ch. 517) and 1924 (L. 1924, ch. 579). The applicant must be a citizen of the United States, or have declared his intention to become such a citizen (§ 440-a, as amd. in 1924). That provision was not in force when the plaintiff's services were rendered. Authority to grant the license resides with the State Tax Commission, and the application shall give such information as the Commission may reasonably require " to enable it to determine the trustworthiness of the applicant." By the amendment of 1924, it may exact such other information as may be necessary to establish the " competency " of the applicant " to transact the business of real estate broker * * * in such manner as to safeguard the interests of the public " (§ 441). This may include " proof that the applicant has a fair knowledge of the English language, a fair understanding of the general purposes and general legal effect of deeds, mortgages, land contracts of sale, and leases, and a general and fair understanding of the obligations between principal and agent, as well as of the provisions of this act " (§ 441, as amd. by L. 1924, ch. 579). The license, if granted, shall be effective up to and including the thirtieth day of September following the date of issue (§ 441-a). It may, however, be renewed " upon application therefor by the holder thereof, in such form as the commission may prescribe, and payment of the annual fee " (§ 441). " In case of application for renewal of license, the commission may dispense with the requirement of such statements as it deems unnecessary in view of those contained in the original application for license " (§ 441). The action of the Commission in granting or refusing a license may be reviewed by the courts on

certiorari (§ 441-e): A license once granted may be revoked by the Commission for fraud or demonstrated misconduct or incompetency (§ 441-c). In such cases the remedy of certiorari is available again (§ 441-e). There shall be no refusal of a license and no revocation or suspension without notice to the applicant and oppor- tunity for a hearing (§ 441-d). From the operation of the act certain classes of persons, *e. g.*, receivers, referees, administrators, executors and attorneys at law, are excluded (§ 442-g). No action to recover commissions may be maintained without alleging and proving that a license had been issued when the cause of action arose (§ 442-e).

The Legislature has a wide discretion in determining whether a business or occupation shall be barred to the dishonest or incompetent (*People* v. *Beakes Dairy Co.,* 222 N. Y. 416, 427; *Hall* v. *Geiger-Jones Co.,* 242 U. S. 539; *State* v. *De Verges,* 153 La. 349; C. W. Pound, Constitutional Aspects of Administrative Law in Growth of Administrative Law, 111, 112). Callings, it is said, there are so inveterate and basic, so elementary and innocent, that they must be left open to all alike, whether virtuous or vicious. If this be assumed, that of broker is not one of them. The intrinsic nature of the business combines with practice and tradition to attest the need of regulation. The real estate broker is brought by his calling into a relation of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. With temp- tation so aggressive, the dishonest or untrustworthy may not reasonably complain if they are told to stand aside. Less obtrusive, but not negligible, are the perils of incom- petence. The safeguards against incompetence need not long detain us, for they were added to the statute after the services were rendered. We recall them at this time for the light that they cast upon the Legislature's con-

ception of the mischief to be remedied. The broker should know his duty. To that end, he should have "a general and fair understanding of the obligations between principal and agent" (§ 441, as amd. by L. 1924, ch. 579). Disloyalty may have its origin in ignorance as well as fraud. He should know, so the Legislature has said (L. 1924, ch. 579), what is meant by a deed or a lease or a mortgage. At any moment he may have to make report as to such matters to expectant buyers or lessees. Often he goes farther, perhaps too far, and prepares a memorandum of the contract. He is accredited by his calling in the minds of the inexperienced or the ignorant with a knowledge greater than their own.

The Legislatures of many States, awaking to these evils, have adopted statutes like to ours. Licenses to be issued after suitable inquiry as to character and competence are required in California (L. 1919, p. 1252), Tennessee (L. 1921, ch. 98), Kentucky (L. 1924, ch. 138), Virginia (L. 1924, ch. 461; Virginia Code, § 4359, title 38-B), New Jersey (L. 1921, ch. 141), Louisiana (Act No. 236 of 1920), Idaho (L. 1921, ch. 184), Illinois (L. 1921, ch. 153), Michigan (L. 1921, ch. 387), Montana (Rev. Code, 1921, § 4065), Oregon (L. 1921, ch. 223), Wisconsin (Stat. 1923, sec. 136.01), and Wyoming (L. 1921, ch. 31). Legislation so general marks a rising tide of opinion which is suggestive and informing (*Klein* v. *Maravelas*, 219 N. Y. 383, 385). The Supreme Court of California in a careful judgment upheld the act adopted in that State (*Riley* v. *Chambers*, 181 Cal. 589). The ruling there made was approved and followed by the Supreme Court of Louisiana (*Zerlin* v. *La. Real Estate Board*, 158 La. 111). In accord also is the Supreme Court of Wisconsin (*Payne* v. *Volkman*, 183 Wis. 412). The Court of Appeals of Kentucky at first upheld the Kentucky act (*Hoblitzel* v. *Jenkins*, 204 Ky. 122), but afterwards condemned it (*Rawles* v. *Jenkins*, 212 Ky. 287). A like

statute of Tennessee was before the Supreme Court of the United States in *Bratton* v. *Chandler* (260 U. S. 110). By dictum and manifest implication, if not by necessary decision, the statute was sustained. Valid by the judgment of the same court are statutes for the licensing of dealers in securities (*Hall* v. *Geiger-Jones Co.*, 242 U. S. 539; *Merrick* v. *Halsey & Co.*, 242 U. S. 568), insurance brokers (*La Tourette* v. *McMasters*, 248 U. S. 465, 468), and brokers dealing in farm produce (*Payne* v. *Kansas*, 248 U. S. 112; cf. *State* v. *Payne* 98 Kan. 465; *State* v. *Bowen & Co.*, 86 Wash. 23, and *State ex rel. Beek* v. *Wagener*, 77 Minn. 483, 491; *Lasher* v. *People*, 183 Ill. 226, 232). One searches vainly for any adequate distinction in respect of legislative control between one broker and another.

Significant, also, is the argument from history. For the better part of a century, real estate brokers in many States, even though not subjected to a test of character and competence, have been prohibited from doing business without a preliminary license. The validity of these requirements has been uniformly upheld. Decisions enforcing them will be found in the Federal courts (*Bradley* v. *City of Richmond*, 227 U. S. 477, 480), in Illinois (*Braun* v. *City of Chicago*, 110 Ill. 186), in Pennsylvania (*Luce* v. *Cook*, 227 Penn. St. 224), in Minnesota (*Buckley* v. *Humason*, 50 Minn. 195), and in Arkansas (*City of Little Rock* v. *Barton*, 33 Ark. 436). Such forms of regulation are less drastic, indeed, than the system now in question. They have significance, none the less, in marking off the business of the broker as distinct from occupations which by general acquiescence are pursued of common right without regulation or restriction. " We do not readily overturn the settled practice of the years " (*Story* v. *Craig*, 231 N. Y. 33, 40; cf. *Jackman* v. *Rosenbaum Co.*, 260 U. S. 22; *Ownbey* v. *Morgan*, 256 U. S. 94; *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354, 365).

The case circumscribes the judgment. We hold that the Legislature acts within its lawful powers when it

establishes a system of licenses for real estate brokers with annual renewals. Farther than that we do not have to go to decide the controversy before us. The plaintiff does not show himself an alien. That being so, the question is not here whether the restriction of the license to citizens and expectant citizens denies to aliens thus excluded the equal protection of the law (*Lehon* v. *City of Atlanta,* 242 U. S. 53; *Arkadelphia Co.* v. *St. Louis S. W. Ry. Co.,* 249 U. S. 134, 149; *Truax* v. *Raich,* 239 U. S. 33; *Yick Wo* v. *Hopkins,* 118 U. S. 356). Besides, the discrimination against aliens is the result of subsequent amendment. The plaintiff is not complaining that the test of fitness applied to him has been unreasonable or arbitrary. If he is without the needed license, he has only himself to blame, in that he did not ask for renewal till his license had expired. That being so, the question is not here whether character should be held to qualify, though other competence were lacking. These and other situations that may be imagined must be dealt with as they develop. A workable system would be left though the tests of fitness were diminished (*Weller* v. *N. Y.,* 268 U. S. 319). By section 442-1, " Should the courts of this State declare any provision of this article unconstitutional, or unauthorized,  *  *  * such decision shall affect only the section or provision so declared to be unconstitutional or unauthorized and shall not affect any other section or part of this article " (cf. *Dorchy* v. *Kansas,* 264 U. S. 286). The plaintiff is not aggrieved unless the exaction of a license is to be disregarded altogether.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., POUND, MCLAUGHLIN and CRANE, JJ., concur; ANDREWS and LEHMAN, JJ., absent.

Judgment affirmed.