DAVID B. GRAY, Respondent, v. C. H. EVANS & SONS, Appellant.

Third Department, July 2, 1926.

**Brokers — real estate brokers — licenses — real estate brokers in every city of State must be licensed as required by Real Property Law, § 440-a (added by Laws of 1922, chap. 672, as amd. by Laws of 1923, chap 517)**

While there may have been some doubt as to whether or not real estate brokers in every city of the State were required to have a license under section 440-a of the Real Property Law, as added by chapter 672 of the Laws of 1922, that doubt was removed by chapter 517 of the Laws of 1923, amending said section, and under the present section, as amended, a real estate broker residing in any city of the State must be licensed and cannot recover commissions for the sale of real property if he is not licensed.

APPEAL by the defendant, C. H. Evans & Sons, from an order of the Supreme Court as resettled, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Ulster on the 14th day of November, 1925, denying defendant's motion for judgment dismissing the complaint.

*Coffin & Coffin* [*Samuel B. Coffin* of counsel], for the appellant.

*Beam, Callender & Cullen* [*James P. Callender* of counsel], for the respondent.

VAN KIRK, J. The motion was for judgment dismissing the complaint on two grounds: (1) That it did not state facts sufficient to constitute a cause of action; (2) that the complaint and affidavit of defendant showed that the plaintiff's claim had been released.

No answer has been served.

The second ground of the motion is under rule 107, subdivision 7, of the Rules of Civil Practice. The action is brought to recover for procuring a purchaser for a certain brewery property, which service plaintiff alleges he rendered at the request of defendant and upon defendant's promise to pay him five per cent of the purchase price, $110,000. The services were rendered between the 1st day of April and the 30th day of August, 1924, in the city of Hudson, Columbia county, N. Y. The complaint admits the payment of $1,000 upon the account. The defendant's affidavit shows that, on September 15, 1924, the parties had an interview; plaintiff presented his claim for $5,500; the claim was adjusted and defendant paid him $1,000, and took his receipt as follows:

" Received of C. H. Evans & Sons one thousand dollars ($1,000) in full of all demands which I have or may have against said Company for commissions on the sale of its brewery to John Tancredi and his assigns, and in full of all demands to date for any services arising out of said sale of said brewery.

" DAVID B. GRAY."

Plaintiff admits the giving of this receipt, but states in his affidavit that the receipt was given because defendant's attorney assured him that, under section 440-a of the Real Property Law, plaintiff had no claim for commissions, and there was no consideration for the receipt. This section of the statute required the licensing of real estate brokers. In denying the motion upon the second ground the court permitted the facts to be set up in an amended answer and left the disputed fact as to the release to be determined at the trial as permitted under rule 108 of the Rules of Civil Practice.

This introduces the one question really presented upon this appeal, namely, the construction of section 440-a of the Real Property Law. The plaintiff suggests mildly that he is not a real estate broker within the meaning of this act. We think the statute answers this adversely. Section 440 of the Real Property Law (added by Laws of 1922, chap. 672, as amd. by Laws of 1923, chap. 517, and Laws of 1924, chap. 579) defines a real estate

broker as " any person, firm or corporation, who, for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of an estate or interest in real estate, * * *." The real question, it is practically conceded, is whether or not it was necessary that a real estate broker should have a license in the city of Hudson, where the transaction occurred. Section 440-a was enacted in chapter 672 of the Laws of 1922 and then read as follows: " On and after the first day of October, nineteen hundred and twenty-two, no person, copartnership or corporation shall engage in or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker or real estate salesman in a city or in a county adjoining a city having a population of one million or more, without first procuring a license therefor as provided in this article." In 1923 by chapter 517 that section was amended to read as follows: " On and after the first day of October, nineteen hundred and twenty-two, no person, copartnership or corporation shall engage in or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker or real estate salesman in a city, or in a county adjoining a city having a population of one million or more, or in a county having a population between forty-five thousand and forty-eight thousand according to the last Federal census or State enumeration, without first procuring a license therefor as provided in this article." By later amendments, chapter 579 of the Laws of 1924 and chapter 461 of the Laws of 1925, this statute is made to apply to practically the entire State. In *Roman* v. *Lobe* (243 N. Y. 51) the Court of Appeals has discussed the constitutionality and purpose of this statute. So far as material upon this appeal the last above quotation is the statute as it stood when the transaction occurred. In 1922, when there was no comma after the word " city " first used in the section, it was possible to construe this statute as meaning that it applied only to a city of 1,000,000 or more and to a county adjoining a city of 1,000,000 or more. The Legislature, however, saw fit by amendment to insert a comma after the word " city," and now by the rules of grammatical construction and ordinary interpretation of sentences, the words " having a population of one million or more " modify, not the word " city," but only the words " a county adjoining a city." By this construction the requirement that a real estate broker must be licensed applies to real estate brokers in every city in the State, one of which is the city of Hudson. There is no allegation that plaintiff was a licensed real estate broker. This is

a necessary allegation to state the cause of action intended to be alleged. The motion should have been granted upon the first ground stated. It is conceded that plaintiff has no broker's license.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.