**Ex parte SPARKS.** (No. 11493.)

Court of Criminal Appeals of Texas. Jan. 25, 1928.

**1. Highways ☞165—Legislature may place restrictions upon use of highways by common carriers and create commission to administer regulations imposed.**

Legislature has power to forbid use of highway to common carriers, and may by law place restriction upon the use of highways by common carriers operating motor vehicles by creation and organization of commission to administer such regulations, provided constitutional limitations upon legislative power are not exceeded.

**2. Carriers ☞2—Power of Legislature to impose on Railroad Commission regulatory powers over common carriers on highways is not restricted by constitutional provision relative to railroads (Const. art. 10, § 2).**

Const. art. 10, § 2, vesting Legislature with power to regulate railroads and railroad companies, does not restrict power of Legislature to impose upon Railroad Commission duties with reference to use of public roads by common carriers.

**3. Carriers ☞21(1)—Authority of Railroad Commission to regulate motorbus transportation held not involved in prosecution for operating without certificate (Acts 40th Leg. [1927] c. 270, §§ 3, 5, 6, 14).**

Where common carrier was charged with operating motorbus for transportation of passengers for hire in violation of Acts 40th Leg. (1927) c. 270, § 5, for failure to secure certificate, questions of power of Railroad Commission to make rules and regulations under sections 3 and 6, and of Legislature to enforce such rules under section 14, were not involved.

**4. Habeas corpus ☞29—One charged with operating motorbus without certificate was entitled to discharge on habeas corpus only on proof that particular provision of law under which he was prosecuted was void (Acts 40th Leg. [1927] c. 270, § 5).**

One charged with operating motorbus for transportation of passengers for hire upon highways without certificate, in violation of Acts 40th Leg. (1927) c. 270, § 5, was not entitled to discharge on habeas corpus except on proof that particular provision of law under which he was prosecuted was void.

**5. Constitutional law ☞48—One asserting invalidity of law assumes burden of proving it void; doubt being resolved in favor of law.**

As a general rule, person asserting invalidity of law assumes burden of showing that it is void, and, if its validity is doubtful, court will resolve doubt in favor of the law.

**6. Carriers ☞2—Constitutional law ☞208(4) —Statute permitting issuance of temporary certificates to existing common carriers using highways held not void as class legislation (Acts 40th Leg. [1927] c. 270, § 5).**

Acts 40th Leg. (1927) c. 270, § 5, prohibiting operation of motorbusses as common carriers for transportation of passengers for hire over public highways without first obtaining from Railroad Commission certificate of public conveyance and necessity, but permitting issuance of temporary certificates to existing motorbus carriers, *held* valid in habeas corpus proceedings by one charged with violation of statute, and not objectionable as permitting unjust discrimination in violation of rule against class legislation.

Appeal from Cottle County Court; James M. Whatley, Judge.

Proceeding by H. S. Sparks for writ of habeas corpus to secure petitioner's discharge from custody under a charge of violating Acts 40th Leg. (1927) c. 270, regulating motorbus transportation. From a judgment remanding petitioner to custody, he appeals. Affirmed.

Bell & Bell, of Paducah, and Mathews & Folley, of Floydada, for appellant.

Geo. Mendell, Jr., of Austin, and George C. Purl, of Dallas, amici curiæ.

O. O. Touchstone, of Dallas, amicus curiæ.

Claude Pollard, Atty, Gen., and R. M. Tilley, H. Grady Chandler, and Allen Clark, Asst. Attys. Gen., and A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Appellant was charged with unlawfully and willfully operating a motorbus for the transportation of passengers for hire upon a certain public road named in the complaint. He sought relief by way of a writ of habeas corpus. This appeal is from a judgment remanding him to custody.

The law under which the prosecution is founded (chapter 270, Acts of 40th Leg.) is attacked upon several grounds, namely, that sections 3, 6, and 14, are unauthorized delegations of legislative powers to the Railroad Commission to make rules and regulations governing the use of the highways of the state, and that the law in question makes the disobedience of the rules mentioned a penal offense; also that section 5 of the act confers special privileges rendering it obnoxious to the rule against class legislation.

Section 3 of the act reads as follows:

"It is hereby declared that when existing transportation facilities on any highway in this state do not provide passenger service which the commission shall deem adequate to provide for public convenience on such highway, then such inadequacy of service shall be considered as creating a condition wherein the public convenience and necessity require the designation of, and provision for, additional service on such highway, and it shall be the duty of the commission to issue certificate or certificates as herein provided, if in the opinion of said commission the issuance of such certificate will promote the public welfare."

Section 6 reads thus:

"The commission is hereby vested with power and authority, and it is hereby made its duty upon the filing of an application for a certificate of public convenience and necessity, to ascertain and determine under such rules and regulations as it may promulgate, after considering existing transportation facilities on such highway, the service rendered and capable of being rendered thereby, and the demand for, or need of additional service, if there exists a public necessity for such service, and if public convenience will be promoted by granting said application and permitting the operating of motor vehicles on the highways designated in such application, as a common carrier for hire."

Section 14 penalizes as a misdemeanor the disobedience or violation of the provisions of the act or the rules of the commission.

Section 5 contains the following:

"No motorbus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this state without first having obtained from the commission under the provisions of this act a certificate or permit declaring that the public convenience and necessity require such operation; provided, however, that when it appears to the satisfaction of the commission that any motorbus company making application for a certificate or permit is operating and has been continuously operating a motor-propelled passenger vehicle service in good faith, over the particular highways designated in said application for certificate or permit, for a period commencing January 11th, 1927, or prior thereto, said motorbus company, shall upon application be granted a temporary permit to operate just as said company shall have been operating during said period and no more; said temporary certificate or permit shall become permanent without notice and hearing before the commission unless a protest shall be filed with the commission as provided herein; and in the event protest is filed to the application of such motorbus company then said temporary certificate or permit shall continue in effect until said application and protest is heard and decided upon by the commission, and said hearing and decision shall be had and rendered by the commission as speedily as possible.

"At any time within thirty days after the day this act shall take effect any one affected by the granting of said certificate or permit may file with the commission a protest against said certificate or permit becoming or being made paramount, but such protest to be considered by the commission must be filed within the specified thirty days and shall be in writing, and the author or authors of said protest shall supply the applying motorbus company with a copy of same, setting forth in reasonable detail the reasons for said protest. In the event of protest to any application of any existing motorbus company, hearing upon such application and protest shall be had and decision rendered as provided for all other applications."

The law also contains a proviso that, if any part of it offends against the Constitution, the valid provisions shall not thereby be rendered invalid.

[1] There is no statement of facts, but appellant takes the position that the provisions of the law mentioned are void and may therefore be ignored. In the case of Ex parte Ignacio S. Sepulveda (No. 11512) 2 S.W.(2d) 445, from Webb county, this court has recently reviewed, in substance, the same matters as are involved in this appeal and have therein pointed out that the public highways are designed and maintained for the ordinary purposes; that no one has a vested right or privilege to use them in the capacity of a common carrier for hire. See Tiedeman on Mun. Corp. § 299; McQuillan on Mun. Corp. 1620; Berry on the Law of Automobiles (5th Ed.) p. 1211, § 1702. The power of the Legislature to forbid the use of the highways to common carriers is not deemed open to question. It follows that it may, by law, place restrictions upon the use of the highways by common carriers operating motor vehicles for hire, observing the limitations which the Constitution places upon the legislative power, and that in the administration of such regulations a commission duly created and organized according to law may be made use of. See Ex parte Humphrey, 92 Tex. Cr. R. 501, 244 S. W. 822; Ex parte Leslie, 87 Tex. Cr. R. 476, 223 S. W. 227; Corpus Juris, vol. 42, p. 641, § 53, also page 609, § 1, page 643, § 56, page 686, § 120; Amer. Law Rep. vol. 49, p. 1198, also volume 47, p. 218; Burgess et al. v. American Rio Grande Land & Irrigation Co. (Tex. Civ. App.) 295 S. W. 649.

[2] Article 10, § 2, of the Constitution of Texas, touching railroads and railroad companies, is not regarded as either increasing or diminishing the power of the Legislature with reference to the control of the use of the public roads by common carriers. It was held by the Court of Civil Appeals in the case of the City of Denison v. Municipal Gas Co., 257 S. W. 616, that section 2, art. 10, supra, was not restrictive of the power of the Legislature to impose upon the Railroad Commission additional duties not such as to impair those embraced in the constitutional provision mentioned. In that case the law was attached upon other grounds, and the Supreme Court granted the application for a writ of error "because of the importance of the subject," and the matter is still pending in that court.

[3-6] The only provision of the law in question (chapter 270, supra) to which it is necessary to refer or upon which this court is in any manner, by the present appeal, called upon to pass, is that part of section 5 which is copied above. The authority of the Railroad Commission to make rules and regulations and the power of the Legislature to enforce such rules by a penal statute is not involved, for the reason that it does not appear that the appellant is charged with vio-

lating any rule. The complaint against him is that he violated the provisions of the statute which declares that he may not use the roads without complying with the legislative demand that he obtain a certificate from the Railroad Commission. The record fails to show that he ever sought such a certificate. His right to complain is doubtful. See Lehon v. Atlanta, 242 U. S. 53, 37 S. Ct. 70, 61 L. Ed. 145. Certainly his position that he is entitled to discharge could not be sustained unless the provision of the law under which he is prosecuted should be regarded as void. It is the general rule that one asserting the invalidity of a law assumes the burden of showing that it is void, and, if the validity is doubtful, the court will resolve the doubt in its favor. See Ruling Case Law, vol. 6, p. 97, § 98. The courts of this state, as indicated, so far as they have passed upon the power of the Legislature to impose additional duties upon the Railroad Commission, the act has been upheld. As stated in the case of Ex parte Sepulveda, supra (to which we refer for a more extended discussion), this court would not be warranted in concluding that section 5 of the act is void.

The judgment is affirmed.

evidence, he was again remanded by said judge without bail, from which order he prosecutes this appeal.