HOMER BAIRD, Appellant, *v.* FRANK J. HINE, Respondent.

Third Department, December 29, 1937.

*Charles E. Hardies,* for the appellant.

*William R. Whitfield,* for the respondent.

BLISS, J. This is an action under subdivision 3 of section 442-e of the Real Property Law to recover fourfold the moneys paid by appellant to the respondent as commissions for obtaining a purchaser of a farm owned and occupied by the appellant in the town of Glen, Montgomery county. The appellant claims that the respondent

did not have the real estate broker's license required by section 440-a of the Real Property Law. The transaction took place between December, 1929, and February 17, 1930. At that time section 440-a of the Real Property Law provided that no person " shall engage in or follow the business or occupation of, or hold himself * * * out or act temporarily or otherwise as a real estate broker or real estate salesman in any city of the State * * * without first procuring a license therefor as provided in this article." In December, 1929, appellant's farm in the town of Glen was placed for sale with respondent, who then had no real estate broker's license. On February 8, 1930, he took a prospective purchaser named Reese to the farm to inspect it. Reese owned certain real property in the city of Gloversville which he desired to exchange with the appellant for the farm. Two days later respondent and Reese came to appellant's farm and took him back to Gloversville with them where they examined the property which Reese desired to exchange. They reached an agreement that day at Gloversville. Respondent then announced that he had no license and that nothing more could be done toward closing the deal until he obtained one. The next day, on February 11, 1930, a real estate broker's license was issued to him by the Secretary of State at Albany. On February fourteenth Reese and Hine went to the appellant's farm in the town of Glen where a written agreement of the transaction was prepared and executed. On February 17, 1930, at Gloversville, the deeds were exchanged and the appellant paid the respondent a commission of $2,000, part in cash and part by the delivery of a promissory note which was afterward paid in full. Upon a showing of these facts the trial court granted the respondent's motion to dismiss the complaint on the ground that the defendant was not required to have a license because the real property sold by appellant was located in the township of Glen and not in a city.

The question thus presented is whether the location of the property or the place where the transaction occurs determines the need for a real estate broker's license under section 440-a of the Real Property Law as it then stood. The statute itself is silent as to the location of the real property which is being sold. It makes the engaging in or following the business or occupation of or the holding one's self out or acting as real estate broker or salesman in a city the test of the necessity of the license. In the instant case the respondent Hine transported the plaintiff to the city of Gloversville and there showed him the property of Reese. There also the further negotiations were conducted under Hine's direction with the result that there an agreement was reached. Hine had

thus produced a buyer who was ready, able and willing to meet the demands of the appellant and who did in fact purchase appellant's property. As was said by the trial court, all that remained to be done thereafter was the securing of the formal signatures to the contract. It thus appears that Hine did engage in and follow the business and occupation of a real estate broker within the city of Gloversville and he there held himself out and acted as such. The location of the property of the appellant which was being sold was of no consequence under this statute. It was the performance of the acts of a real estate broker within a city which the statute forbade and those were the acts which this respondent there performed when he was not legally licensed so to do. The evils which this legislation was to correct and the " mischief to be remedied " (*Roman* v. *Lobe,* 243 N. Y. 51) all indicate that the place where the transaction occurs controls, rather than the situs of the property.

It was said by our court in *Gray* v. *Evans & Sons* (217 App. Div. 333) that the place where the transaction occurred was the real question under this statute. The test, therefore, is not the location of the property but the place where the agent performs the acts mentioned by the statute.

Also, the fact that the agent in this case procured a license after the parties had reached an agreement but before it was reduced to writing and executed, does not save him. He had already acted illegally and had fully performed his agency contract. He had produced a buyer ready, able and willing to perform in accordance with the principal's demands. But he could not then obtain a license for the purpose of recovering his commission on the execution of a formal contract. " The law is not so toothless." (*Bendell* v. *De Dominicis,* 251 N. Y. 305.)

On his motion for a dismissal of the complaint made at the close of the plaintiff's case the respondent raised several other questions, one of which related to the constitutionality of the statutes here involved. These questions were disposed of by the Court of Appeals in *Roman* v. *Lobe* (*supra*), and we can add nothing to that discussion.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.