HERMAN L. BITTERMAN, Appellant, *v.* LOUIS SCHULMAN, Respondent.

First Department, February 11, 1943.

*Meyer Alterman* of counsel (*Louis V. Rivera* with him on the brief), for appellant.

*Hyman J. Fliegel* of counsel (*Nathan Hubbard Stone,* attorney), for respondent.

COHN, J. This action is one to recover brokerage commissions.

In May, 1939, at his office in New York City defendant informed plaintiff that he had a lease on some property in Camden, New Jersey, which was about to expire and that the lease contained an option to purchase for $18,000. Defendant was desirous of purchasing the leased premises but at a price lower than $18,000. He thereupon engaged plaintiff, a real estate broker licensed in the State of New York, to obtain a better bargain and promised that in the event he purchased the property plaintiff, for his services, would receive fifty per cent of any sum defendant could save from the option price of $18,000.

Plaintiff thereupon went to Camden, examined the premises and visited the owner, with whom he had numerous conferences. He also hired an architect to ascertain the cost of the necessary repairs to the building and he made numerous trips to Camden, and to Philadelphia in the State of Pennsylvania to see both the owner and the architect. Eventually on August 11, 1939, plaintiff obtained a formal written offer from the owner to sell the premises for $9,000 cash or $10,000 on other terms. Through a corporation organized by him for the purpose, defendant admittedly purchased the property on August 30, 1939, for the sum of $9,500.

Demands for his commissions having gone unheeded, plaintiff brought this action to recover the sum alleged to be due under the contract. The trial court, however, dismissed the complaint at the close of the case on the ground that plaintiff was not a licensed real estate broker in the State of New Jersey.

Upon plaintiff's evidence, if credited, there was sufficient basis for finding (1) that a contract as alleged by plaintiff was entered into in the State of New York, (2) that through plaintiff's efforts the property was finally obtained and purchased by defendant for the sum of $9,500, and (3) that plaintiff is entitled to the sum of $4,250, which represents one-half of the difference between the option price and the ultimate purchase price obtained by plaintiff.

Under the laws of New Jersey and the decisions of its courts, as proved by the defendant, it may well be that a real estate broker would be prohibited from recovering commissions for services such as those rendered by plaintiff here, if the law of that State were to be applied. (N. J. S. A. 45:15; *Kenney* v. *Paterson Milk & Cream Co.,* 110 N. J. L. 141.) We fail to find anything in the record, however, to justify a conclusion that the contract was to be governed by the laws of New Jersey. At the time the contract was entered into in New York, the parties were residents here and had their places of business in this State. There was no evidence adduced to show that the contract was to be construed in accordance with the laws of a State other than the one where the contract was made. Nor was there any proof that the parties intended that the contract was to be performed in the State of New Jersey or in any particular State.

It so happened that the owner of the property had his office in Camden, and resided in Philadelphia. In the course of his negotiations plaintiff had several conferences at the office and residence of the owner. Indeed, some of the services in consummation of the contract were actually performed in the State of New York. When the contract between plaintiff and defendant was made it is difficult to imagine that either of the parties contemplated that plaintiff in his performance thereof was to be restricted to any specified territory. By its terms, the agreement did not so provide. There can be no doubt that the parties intended plaintiff was to perform at the place where he could carry on his negotiations with the owner regardless of the State in which he was to be found.

All matters bearing upon the execution, the interpretation and the validity of a contract, including the capacity of the parties to contract, are determined by the place where the contract is made. (*Swift & Co.* v. *Bankers Trust Co.,* 280 N. Y. 135, 141; *U. S. Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32, 38; *Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Gaston, etc., Ltd.,* v. *Warner,* 260 U. S. 201, 203.)

The validity and operation of a contract are generally governed by the law of the State where the contract is made, unless the contract provides otherwise or by its terms is to be performed in another State. (*Stumpf* v. *Hallahan,* 101 App. Div. 383, affd. 185 N. Y. 550; *Vander Horst* v. *Kittredge,* 229 App. Div. 126, 131, 132.) The rule has been held to apply to a brokerage contract. (12 C. J. S. 67, § 24; *Aronson* v. *Carobine,* 129 Misc. 800.) The eminent text writer, Beale, states the doctrine as follows: " Where a contract is expressly performable in the place where it is made, it is of course governed by the law of that place; and the same is true where no place of performance is expressly named." (2 Beale on Conflict of Laws, p. 1155.) " The present rule," he goes on to say, p. 1157, " seems to be that the place of contract governs, unless the parties clearly intended it to be governed by that of the place of performance." In *Vander Horst* v. *Kittredge* (*supra*) at page 132, this court said: " In the absence of a plain intention on the part of the parties to the contract that the contract was to be construed in accordance with the laws of another State than that in which it was made, we are of the opinion that the *lex loci contractus* governs."

We think that in this case the validity and operation of the brokerage contract which plaintiff alleges he made and carried out with defendant must be governed by the law of the State where the contract was made, that is, New York. The contract did not provide otherwise nor did the agreement by its terms require that it be performed in the State of New Jersey. Although the property involved was located in the State of New Jersey, the situs of the real estate does not control. (*Baird* v. *Hine,* 253 App. Div. 65.)

Accordingly, the complaint should not have been dismissed for the reason stated by the trial justice. As the case was decided on a question of law without any adjudication having been made on the facts, a new trial must be ordered.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.