Jacob Markowitz, J.
Defendants move for dismissal of the complaint, for legal insufficiency. Plaintiff, as a New York licensee, sues to recover brokerage commissions with respect to a sale of property located in the State of New Jersey. A licensed broker may sue and maintain an action upon a brokerage contract, regardless where the property is located, if he alleges he is licensed under the New York statute. That is the sole condition precedent or requirement for pleading purpose, and it is not required that he also allege other facts which render the New York State statute applicable or inapplicable to the particular stated cause. Plaintiff does not allege that he is also licensed under the New Jersey statute, and the defendants urge facts which they contend make the New Jersey statute applicable or the New York statute inapplicable, but none of these facts appear in the pleading nor is the pleading thereof by the plaintiff required. At least it is alleged that the defendant corporation is a foreign corporation authorized to do business here and the individual defendants are its officers. It is not alleged that the owner of the New Jersey property is a resident of New Jersey or that any contract mentioned in the complaint was made in New Jersey or that any negotiations were had in New Jersey. The statutes (Real Property Law, §§ 440-a, 442-d) cover brokers and services rendered in this State, regardless of the location of the property subject of the claimed brokerage (Baird v. Hine, 253 App. Div. 65; Bitterman v. Schulman, 265 App. Div. 486; Aronson v. Carobine, 129 Misc. 800; Copellman v. Rabinowitz, 208 Misc. 274). The motion is denied.