## INTERSTATE COMMERCE COMMISSION, Appellee,

v.

## George T. APPLEYARD, III, and James W. Cain, Appellants.

### No. 74-1342.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1974.

Decided April 3, 1975.

---

Norman B. Smith, Greensboro, N. C. (Smith, Carrington, Patterson, Follin & Curtis, Greensboro, N. C., on brief), for appellants.

J. Preston Proffitt, Jr., Regional Counsel, Interstate Commerce Commission (Bernard A. Gould and Robert S. Turkington, Attys., Interstate Commerce Commission, on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

In order to test the constitutionality of the Interstate Commerce Commission's policies regulating interstate truck transportation, George T. Appleyard and James W. Cain deliberately violated Part II of the Interstate Commerce Act, 49 U.S.C. § 301 *et seq.* The district court enjoined them from further violations, as provided in 49 U.S.C. § 322. Appleyard and Cain appeal the injunction on the ground that the I.C.C.'s application of the Act deprives them of liberty without due process of law. We affirm the district court and deny them relief because they have not shown that Appleyard would be unlawfully refused an operating permit were he to seek one.

The facts are simple. Except for businesses hauling their own goods and carriers of unprocessed farm products, every carrier of goods by truck in interstate commerce must have either a permit or a certificate of convenience and necessity issued by the I.C.C. 49 U.S.C. §§ 303(b)(7) and (c), 306(a), 309. Appleyard, an independent truck owner who hauls farm products, and Cain, the editor of a magazine for truckers, contracted for Appleyard to carry a load of chipboard from North Carolina to Washington, D. C. Appleyard, who has neither a certificate nor a permit, carried the load and then reported the trip to the I.C.C., which subsequently obtained the injunction.

Appleyard and Cain do not claim that the permit requirements of Part II of the Interstate Commerce Act are facially unconstitutional. Instead, they argue that the present criteria for permits irrationally restrict Appleyard's liberty to engage in interstate trucking. In support of this contention, they presented expert testimony, mostly uncontradicted, to the effect that the present policy of restricted entry and limited competition favors established carriers over newcomers, leads to extravagant overcapacity, requires empty backhauls, increases operating costs, wastes fuel, and causes excessive freight rates.

Appleyard and Cain urge that by not instituting a policy of free entry and price competition, the I.C.C. has injured both the public and small truckers with-

out corresponding public benefits and that it has failed to follow the statutory National Transportation Policy, which controls its discretion. Since, in their view, the present operating permit system is of no public benefit and is beyond the I.C.C.'s authority, they assert that Appleyard cannot be enjoined to comply with it. Despite the appellants' economic arguments, we affirm the district court for two reasons.

 In the first place, the record does not show that Appleyard has ever been or would be refused an operating permit, or indeed that he has ever applied for one. Appleyard concedes that Congress may require permits for interstate motor carriers. Since he does not attack the statute as unconstitutional on its face, we cannot presume that a request for a permit would be futile. Until he has shown that he cannot obtain a permit under the existing regulations, he has suffered no legally cognizable injury from this injunction. Lehon v. Atlanta, 242 U.S. 53, 37 S.Ct. 70, 61 L.Ed. 145 (1916); *see* Smith v. Cahoon, 283 U.S. 553, 562, 51 S.Ct. 582, 75 L.Ed. 1264 (1931) (dictum).

Secondly, the federal courts will not review legislation or administrative action on the basis of their views of reasonable economic policy. North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc., 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379 (1973); Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). The appellants' reliance on United States Dept. of Agriculture v. Murry, 413 U.S. 508, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973), and United States Dept. of Agriculture v. Moreno, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973), is misplaced. These cases do not review legislative policy objectives. Instead, they test the procedural due process of implementing policy by utilizing certain statutory presumptions. Appleyard's claim is no more than a contention that the public would be better off if the I.C.C. modified its con-

trol of interstate motor transportation. This may well be true. Congress, however, has given the Commission the authority to reconcile the overlapping and conflicting goals of the National Transportation Policy. *See* Schaffer Transportation Co. v. United States, 355 U.S. 83, 92, 78 S.Ct. 173, 2 L.Ed.2d 117 (1957).

Affirmed.