**Ramsey CLARK and Chandra Carr, Plaintiffs-Appellants,**

v.

**Alex ROSE et al., Defendants-Appellees.**

**No. 181, Docket 75-7280.**

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1976.

Decided Feb. 11, 1976.

Leon Friedman, Hofstra University School of Law, Hempstead, N. Y. (Lawrence W. Schilling, Ramsey Clark, New York City, of counsel), for plaintiffs-appellants.

Herbert Rubin, New York City (Herzfeld & Rubin, New York City, Edward L. Birnbaum, New York City, of counsel), for defendants-appellees Rose, Harrington, The Liberal Party, State of New York and State Executive Committee.

Daniel M. Cohen, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, New York City, of counsel), for defendants-appellees Schwartz, Acito, McKeon, Rettaliata.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

The plaintiffs-appellants in this action are Ramsey Clark, an enrolled Democrat who unsuccessfully sought the 1974 nomination of the Liberal Party of the State of New York for United States Senator, and Chandra Carr, an enrolled member and district leader of the Liberal Party. The defendants-appellees are the Liberal Party, the State Executive Committee of that party, certain officers of the party and members of the State Board of Elections. Although Jacob K. Javits, a Republican who was designated as the candidate of the Liberal Party for the Office of United States Senator for the State of New York, was initially named as a defendant, it was conceded that since the 1974 senatorial election in New York has been held and decided, the issues were moot as to him.

On July 11, 1974, a three-judge court was convened to consider the constitutionality of the Wilson-Pakula Law, New York Election Law § 137 (McKinney Supp. 1975–76) which provides that a person who is not a member of a political party may not receive that party's nomination or run in its primary unless that person receives the authorization of the majority of the party's State Committee or of such other group as the party rules may provide. On July 29th, the three-judge court unanimously held that the statute was constitutional, creating neither a denial of equal protection of the laws nor a denigration of the right to vote as protected by the First and Fourteenth Amendments. The opinion of the court authored by then District Judge Harold R. Tyler, Jr. is published in 379 F.Supp. 73 (S.D.N.Y.1974). No appeal was taken from the order dismissing the constitutional claim. The initial complaint however contained two causes of action: the first urged that the statute in question was facially unconstitutional and the second urged that in its application the Liberal Party was so controlled by the defendant Rose alone or in conjunction with other members, that the plaintiffs had been denied "federally protected rights." The plaintiffs maintained that the three-judge court dismissal did not affect the second cause of action. The defendants thereupon moved to dismiss this action. After hearing argument Judge Tyler granted the motion to dismiss. In a memorandum dated March 14, 1975, he repeated the doubts of the panel (379 F.Supp. at 75–76) that either party had standing to attack section 137. The judge also indicated that under the conceded facts there was no basis to perceive that the statute had been applied unconstitutionally so that "the statutory [three-judge] court really decided all of the issues in this case." Judge Tyler further held that the factual issues now sought to be considered amounted to "a general rummage of irrelevant historical facts and statistics which have nothing to do with the present interests" of either plaintiff here. The motion to dismiss was granted and this appeal followed. We affirm.

Much of the appellants' brief and argument on this appeal is in fact an effort to reargue the unappealed decision of the three-judge court which found that the State of New York had a legitimate and vital interest in regulating the number of candidates on the ballot and in avoiding the confusion, deception and frustration which would result from an excessive number of non-party candidates. We further agree with the court below that the claims that the statute as applied is unconstitutional are vague and unspecific, representing basically dissatisfaction with Liberal Party leadership rather than any violation of constitutional or federal statutory rights. However, we hold that the basic weakness in plaintiffs' case is their lack of standing to bring this action. The attack here is upon section 137(4) of the New York Election Law which authorizes the State Executive Committee of the political party involved to authorize a non-party member as a candidate. However, before such authorization can be granted the non-party member must either 1) receive the majority vote of the State Committee (N.Y. Election Law

58

§ 131(2)(b)(1) (McKinney Supp. 1975–76) ) or 2) receive twenty-five percent or more of the vote cast by the State Committee and then make a demand to the Secretary of State for entry of his name as a candidate (N.Y. Election Law § 131(2)(b)(3) (McKinney Supp. 1975–76) ) or 3) secure a designation petition signed by "not less than twenty thousand or five percentum, whichever is less, of the then enrolled voters" of the party (N.Y. Election Law § 136(5) (McKinney Supp. 1975–76)). It is undisputed that Clark failed to secure the majority vote of the State Committee; since he in fact only received 8.8% of the vote at a meeting held on June 15, 1974, he obviously failed to meet either of the first two conditions. Moreover, Clark had failed to make any attempt to secure the petitions required under section 136(5). Thus, Clark was never in a position to seek the waiver of his non-member status and in fact never sought it. He therefore lacks standing to assert any claims pertaining to the constitutionality or misuse of the waiver provision. *Highland Farms Dairy, Inc. v. Agnew,* 300 U.S. 608, 616–17, 57 S.Ct. 549, 81 L.Ed. 835 (1937); *Lehon v. Atlanta,* 242 U.S. 53, 55–56, 37 S.Ct. 70, 61 L.Ed. 145 (1916); *Gundling v. Chicago,* 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725 (1900). Since Clark was unable or unwilling to comply with the constitutionally valid conditions precedent which would qualify him to seek waiver, he is in no position to urge that seeking the waiver would be futile and has no standing to attack that provision. *Storer v. Brown,* 415 U.S. 724, 737, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). Plaintiff Carr's position is dependent upon Clark's standing and necessarily founders.

Affirmed.