■ MANSHION JOHO CENTER CO., LTD., Respondent-Appellant, v MANSHION JOHO CENTER, INC., et al., Appellants-Respondents, et al., Defendants. [806 NYS2d 480]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 22, 2004, after a nonjury trial, as amended by order of the same court and Justice, entered October 18, 2004, which awarded plaintiff damages in the amount of $2,127,407.11 against defendants Nomura Suzuki Properties, Ltd. and Sam Suzuki, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 21, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the amended judgment.

Ample evidence supports the trial court's finding that

defendants-appellants breached the subject contract by failing to make the $1.5 million payment to plaintiff on September 30, 1997. Although the contract consisted of two agreements, a Sale Agreement and a Commission Agreement, it is clear that the $1.5 million payment set forth in the Commission Agreement was in fact part of the purchase price, where the purchase price for plaintiff's 44 condominiums was $4.7 million but the Sale Agreement accounted for only $3.2 million. The doctrine of unclean hands does not avail defendants notwithstanding that plaintiff's principal initiated the transaction in order to avoid a temporary restraining order barring a transfer of the property pending his divorce action. The doctrine of unclean hands is an equitable defense that is unavailable in an action exclusively for damages (*see Hasbro Bradley v Coopers & Lybrand*, 128 AD2d 218, 220 [1987], *lv dismissed* 70 NY2d 927 [1987]). Also, defendants were willing wrongdoers (*see Brown v Lockwood*, 76 AD2d 721, 729 [1980]). With knowledge of the restraining order, and with the full expectation that the transaction could result in litigation against them by plaintiff's principal's wife, defendants designed a transaction that violated the restraining order. Nor does Real Property Law § 442-d, which prohibits recovery of a real estate broker's commission by brokers who are not licensed in New York, avail defendants. First, as above indicated, the $1.5 million payment was not compensation for real estate brokerage services, but was rather part of the purchase price. Second, section 442-d does not apply to real estate brokerage services rendered outside of New York (*see Gartrell v Jennings*, 283 App Div 879 [1954]; *Sutton v Transcontinental Inv. Corp.*, 31 Misc 2d 832 [1961], *affd* 17 AD2d 807 [1962]). The evidence at trial established that plaintiff, a Japanese corporation, performed services only in Japan, and thus it is inconsequential that the property marketed was in New York. Ample evidence also supports the trial court's piercing of the corporate defendants' corporate veils in order to hold defendant Suzuki personally liable. Suzuki dominated and controlled his corporations, disregarded corporate formalities, used corporate funds to pay his personal bills, and effectively stripped the assets of the corporation transferred to him by plaintiff to enrich himself while making the corporation judgment proof, thus committing a wrong against plaintiff that resulted in injury (*see Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.*, 210 AD2d 24 [1994]). We have considered defendants-appellants' remaining arguments, as well as the arguments raised by plaintiff in its cross appeal, and find them to be without merit. Concur—Sullivan, J.P., Williams, Gonzalez and Catterson, JJ.