# Madison Sixty, LLC v 27 Madison Ave. Corp.

2024 NY Slip Op 30769(U)

March 11, 2024

Supreme Court, New York County

Docket Number: Index No. 156411/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. DEBRA A. JAMES</u>      PART   59

*Justice*

-------------------------------------------------------------------------------X

MADISON SIXTY, LLC,

               Plaintiff,

          - v -

27 MADISON AVENUE CORP. and WILLIAM BYUN

             Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156411/2020 |
| MOTION DATE | 05/28/2021 |
| MOTION SEQ. NO. | 001 |

**ORDER –
RESETTLED/AMENDED
(MOTION RELATED)**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 70

were read on this motion to/for          <u>       JUDGMENT - SUMMARY       </u> .

Upon the foregoing documents, it is

ORDERED that the Order of March 8, 2024, resolving motion sequence 001 in this action is VACATED, RESETTLED, AND CORRECTED pursuant to CPLR § 5019(a) [see <u>Kiker v Nassau County</u>, 85 NY2d 879 (1995)] as follows:

## ORDER

Upon the foregoing documents, it is

ORDERED that to the extent of dismissing the first through and including eighth affirmative defenses interposed by defendant 27 Madison Avenue Corp in the answer, and as to liability on the complaint as against defendant 27 Madison Avenue Corp only, the motion of plaintiff for summary judgment is granted; and it is further

ORDERED the issue of damages to be assessed against defendant 27 Madison Avenue Corp shall be determined at the trial of this action; and it is further

ORDERED that plaintiff's motion is otherwise denied, without prejudice to applying for relief pursuant to CPLR 3025(c); and it is further

ORDERED that to the extent of compelling discovery, the cross motion of defendants 27 Madison Avenue Corp and William Byun is granted; and it is further

ORDERED that the foregoing cross motion is otherwise denied, without prejudice to seeking an amendment of the answer pursuant to CPLR 3025(b), with proposed amended pleading clearly showing the changes or additions to be made to such pleading; and it is further

ORDERED that counsel are directed to post on NYSCEF a proposed preliminary discovery conference order or competing proposed preliminary discovery conference order(s) at least two days before April 2, 2024, 12:10 PM, on which date and time counsel shall appear via Microsoft Teams, unless such appearance be waived by the court.

## DECISION

With respect to the seventh and eighth affirmative defenses, this court agrees with plaintiff that controlling case law holds that such affirmative defenses of impossibility of

performance and frustration of purpose, founded upon the COVID-19 pandemic and related governmental shutdown, under the terms of the Lease agreement at bar, lack merit. See The Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577-578 (1st Dept 2021), and cases cited therein ("finding that the performance of the lease was not rendered impossible by reduced revenues").

The first (failure to state a cause of action); second (breach of lease); third (estoppel, waiver and avoidable consequences) (see Excel Graphics Tech, Inc v CFG/AGSCCB Ninth Ave, LLC, 1 AD3d 65, 69 [1st Dept 2003]); fourth (reletting of premises); fifth (failure to mitigate damages) (see Syndicate Building Corp v Lorber, 128 AD2d 381, 382 [1st Dept 1987]); and sixth (unclean hands) (see Manshion Joho Center Co, Ltd v Manshion Joh Center, Inc, 24 AD3d 189, 190 [1st Dept 2005]) affirmative defenses likewise lack merit, based on the Lease terms, and/or evidence before this court on the instant motion, and shall be dismissed.

However, plaintiff has neither alleged nor prima facie established an account stated, as, for example, invoices, beginning with statement for March 2021 rent state on their faces "DO NOT MAIL" (NYSCEF Document Number 20). Thus, there are issues of fact with respect to the amount of outstanding rent. Finally, to the extent that plaintiff moves to amend its complaint to seek ongoing rent, the court shall deny such

relief, without prejudice to plaintiff moving to conform its pleadings to the proof pursuant to CPLR 3025(c), before it rests its case at any trial.

20240311112904DJAMESA42A85D5A55B43EAAB34FCF13FAAA174

| | | | |
|---|---|---|---|
| **3/11/2024** | | | **DEBRA A. JAMES, J.S.C.** |
| **DATE** | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |