EX PARTE E. R. HUMPHREY.

No. 7065. Decided November 1, 1922.

1.—Selling Flour under Weight—Commissioner of Markets and Warehouses —Statutes Construed—Words and Phrases.

Where, upon trial of selling flour under weight in violation of Section 8, Chapter 130, Act of the Thirty-sixth Legislature, said law was

assailed as invalid because no account was taken of the fluctuations as to both the moisture and weight of the article; held, that by the language of the statute the Legislaure apparently took into account this condition by attempting to confer upon the Commissioner of Markets and Warehouses the power to provide regulations touching the reasonable variations, tolerances and exemptions; and the word "may" as used in the statute has a mandatory effect. Following Smalley v. Faine, 102 Texas, 305.

2.—Same—Commissioner of Markets and Warehouses—Rules and Regulations.

The power conferred in such statute, *supra*, to the Commissioner of Markets and Warehouses is to make rules and regulations from time to time, permitting variations, tolerances and exemptions. However, the statute places no limitation upon this authority, save that the variations, tolerances and exemptions must be reasonable, and prescribes no measure by which their reasonableness may be tested, and sets forth no further expression of the legislative will, touching the nature of the rules permitted, and is, therefore, not capable of enforcement under our Penal Code, and null and void. Wherefore, relator is discharged.

Appeal from the District Court of Nolan. Tried below before the Hon. W. P. Leslie.

Appeal from a *habeas corpus* proceeding, charging a violation of Section 8, Chapter 130, Acts of the Thirty-sixth Legislature, and asking relief from arrest under certain warrants of arrest in the justice's court.

The opinion states the case.

*Ed. J. Hamner,* for appellant, and *W. W. Beall, J. H. Beall, Sr., Ellis Douthit, C. E. Mays, Jr.,* and *Cecil H. Smith,* of counsel for appellant.—On question of the proviso in Section 8, that reasonable variations may be permitted and tolerances and exceptions allowed under such rules and regulations as may be made from time to time by the Commissioner of Markets and Warehouses, as being void under the Constitution: Ex parte Leslie, 223 S. W. Rep., 227; Jannin v. State, 51 id., 1126; Fite v. State, 89 id., 941; Cogdell v. State, 193 id., 675; Ex parte Smythe, 120 id., 200 Terminal Ry. Co. v. U. S., 188 Fed., 191; People v. Klink Packing Co., 108 N. E., 278; Stockwell v. State, 221 S. W. Rep., 933; People ex rel. Gamber, 128 N. E., 377.

On question that the law is inoperative unless and until the Commissioner shall promulgate reasonable regulations, allowing tolerances, variances and exemptions; Miller v. N. Y., 109 U. S., 394; Ex parte Mateo, 19 Texas Crim. App., 112.

*R. G. Storey,* Assistant Attorney General, *E. I. Hill,* District Attorney, and *W. E. Pender,* County Attorney, for the State and respondent.—Cited: Willis v. Owen, 43 Texas, 42; San Antonio v. Jones, 28 Texas, 19; Ex parte Gregorio Mato, 19 Texas Crim. App. 112.

MORROW, Presiding Judge.—Relator is charged with the violation of Section 8, Chapter 130, Acts of the Thirty-sixth Legislature, which reads thus:

"All articles of food stuff, feed or other commodity which are sold in packages shall in all instances contain the net weight of the produce or commodity other than drugs so sold in such packages or containers, and shall not include the weight of the package or container. No person shall sell or offer for sale food, feed or other commodity in package form unless the quantity of the contents be plainly and conspicuously marked on the outside of the package or container giving the weight, measure or numerical count of the contents thereof. *Provided, however, that reasonable variations may be permitted and tolerances and exemptions allowed under such rules and regulations as may be made from time to time by the Commissioner of Markets and Warehouses. Anyone selling any article or commodity in violation of this Section shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than* $25, *nor more than Two Hundred Dollars,* ($200), *and each and every package so sold shall constitute a separate offense.* An offense defined in this Section shall apply to all parties selling same within this State, and to parties outside of this State that sell merchandise in violation of this Act within this State. No penalty, fine, imprisonment or confiscation shall be enforced against any person for the violation of the provisions of this section as to stocks of goods now on hand, but shall apply to all new stocks purchased after the taking effect of this Act."

The averment in the complaint charges that the relator:

"  . . .  did then and there unlawfully sell and deliver and cause to be sold and delivered to Paul B. Sorenson *one certain sack of flour weighing Forty-seven pounds,* 13 *ounces, which said sack of flour was of less weight, and in violation of the standard weight and measure law passed by the Thirty-sixth Legislature of the State of Texas, in March,* 1919, *fixing the true standard weight of said sack of flour at forty-eight pounds net per sack; thereby absolutely prohibiting the sale of such sack of flour so sold the said Paul B. Sorenson by said defendant,*  . . .  *and the Commissioner of Weights and Measures on said date allowed no tolerance on flour for shrinkage, against the peace and dignity of the State of Texas."*

Upon many grounds the law upon which the prosecution is founded is assailed as invalid, but only such as are deemed necessary to the disposition of the case will be adverted to. On the trial of this *habeas corpus* proceeding, there was evidence introduced which apparently established, without controversy, that all flour contained a certain percentage of moisture which varied according to atmospheric conditions, and that the variation in the moisture produced a corre-

sponding variation in the weight; that it was not possible to manufacture flour that would not be subject to such fluctuation, both as to moisture and weight. The Legislature apparently took into account this condition by the language italicized in the quotation from Section 8 of Chapter 130, *supra,* by attempting to confer upon the Commissioner of Markets and Warehouses the power to provide regulations touching the reasonable variations, tolerances and exemptions. The construction of the statute upon which the conviction rests appears that in the sale of flour no account is to be taken of reasonable variations in weight. Such an interpretation, we think, is not the necessary effect of the language of the statute in question. In our judgment, the Legislature intended that reasonable variations should be allowed and made it in the duty of the Commissioner of Markets and Warehouses to prescribe regulations therefor. It is true that the word *may* is used in the statute. This, however, is not conclusive against its mandatory effect so far as the allowance of reasonable tolerances or variations in weight is concerned. Rains v. Herring, 68 Texas 468; Dallas v. Ry., 95 Texas 269; Rock Island v. U. S., 4 Wall., 435; Smalley v. Paine, 102 Texas 304; Smisson v. State, 71 Texas 222; Ex parte Young, 49 Texas Crim. Rep., 536; Lewis' Sutherland, Stat. Const., Sec. 636. Construing the article of the statute of this State in these words: ''Provided that for good cause, the court *may* permit the transcript to be thereafter filed upon such terms as it may prescribe,'' the Supreme Court of this State said:

''By the literal terms of this article the power of the court to permit the transcript to be filed is clearly permissive; but the rule in the construction of statutes is universally established in the courts of common law that the word 'may' 'means *must* whenever third persons or the public have an interest in having the act done, or have a claim *de jure* that the power shall be exercised.' (Rains v. Herring, 68 Texas, 468.) The rule has been recognized in other decisions of this Court: City of Dallas v. Dallas Street Ry. Co., 95 Texas, 268; Weber v. Rogan, 94 Texas, 62. In Mayor v. Marriott, 9 Md., 174, the Supreme Court of Maryland said: 'It is a well settled principle that, when a statute confers a power upon a corporation to be exercised for the public good, the exercise of the power is not merely discretionary, but imperative, and the words 'power and authority,' in such case, may be construed 'duty and obligation. Mr. Justice Swayne, in Rock Island County Sup'rs v. United States, 4 Wall., 435, expresses the idea more fully in these words: 'The conclusion to be deduced from the authorities is that, where power is given to public officers, in the language of the act before us, or in equivalent language, whenever the public interest or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory. See to the same effect: Ex parte Banks, 28 Ala., 28; Tarver v.

Commissioners Court, 17 Ala., 527; Johnson v. Pate, 95 N. C., 68. To these other cases from English and American courts, too numerous to cite, may be added, all following the rule. Article 1015 of the Revised Statutes being enacted, in our opinion, for the administration of justice, and being intended to confer a right upon appellants to secure the effect of their appeals, we think the case falls strictly within the principle announced in the cases cited, and especially as laid down in Rock Island County Supervisors v. United States, supra." (Smalley v. Faine, 102 Texas, 305.)

The italicized provision of the statute, we think, should be construed as though it read: "Provided, however, that reasonable variations *shall* be permitted, and tolerances and exemptions allowed."

In interpreting that part of the article of the statute in question which reads thus: "Under such rules and regulations as *may* be made from time to time by the Commissioner of Markets and Warehouses," the principles of law laid down by the Supreme Court of this State in the case of Smalley v. Faine (102 Texas Rep., 504), and the Supreme Court of the United States in the case of Rock Island County Supervisors v. United States (4 Wall., 435), should be applied, and the statute construed as intended to make it mandatory upon the Commissioner to prescribe the rules and regulations mentioned. Whether, however, the authority thus conferred upon the Commissioner be mandatory or permissive, it is couched in terms too general to become a valid part of a criminal statute. Spann v. City of Dallas, 235 S. W. Rep., 513. Dealing with a similar question, this court, in Ex parte Leslie, 87 Texas Crim. Rep., 487, made these observations:

"Judicial sanction has often been given to the exercise of the power to, by law, prescribe the punishment for the violation of the regulations of a board of commission, upon the theory that observing proper limitations such an Act is not obnoxious to the principle denying to the Legislature the power to delegate its authority. U. S. v. Grimaud, 220 U. S. Rep., 506, 55 Law Edition, 563; State v. Railway, 32 L. R. A., New Series, 51: U. S. v. L. & N. Ry., 176 Federal Rep., 942; Whaley v. State, 30 L. R. A., 499; Kansas v. Crawford, 2, A. L. R., 880; Jannin v. State, 42 Texas Crim. Rep., 631, 53 L. R. A., 349; Ruling Case Law, vol. 6, p. 183.

The power to make laws is placed by the people through the Constitution upon the Legislature. The rights of individuals are guarded by restrictions touching the enactment and publication of laws, and the privilege is afforded of presenting by petition or appearance before the legislative committees opposition to proposed enactments affecting the property or the liberty of the citizen. A completed law, if penal in its effect, must define the act or omission denounced as criminal to some degree of certainty. Penal Code, sec. 6; Augustine v. State, 41 Texas Crim. Rep., 59; Sogdell v. State, 81 Texas Crim.

Rep., 66; Griffin v. State, 86 Texas Crim. Rep., 361, 218 S. W. Rep., 494; Railway v. State, 100 Texas 420. See also State of Washington v. Superior Court, 12 Amer. Law. Rep., p. 1428, annotations, p. 1435.)

The power conferred is to make rules and regulations from time to time, permitting variations, tolerances and exemptions. The statute places no limitation upon this authority save that the variations, tolerances and exemptions must be reasonable. It prescribes no measure by which their reasonableness may be tested and sets forth no further expression of the Legislature will touching the nature of the rules permitted. It is contemplated that rules prescribed by the Commissioner shall have the force of law and that the non-observance of them shall constitute a criminal offense. This being true, it is deemed essential to the validity of the law that the Legislature define the power conferred and place limitations upon the authority to make and promulgate the rules to the end that they may not be lacking in the imperative elements of a law denouncing an offense, which is stated in our Penal Code thus:

"The design of enacting this code is to define in plain language every offense against the law of this State, and to affix to each offense its proper punishment. (P. C., Art. I.)

"No person shall be punished for any act or omission unless the same shall be made a penal offense, and a penalty is affixed thereto by the written laws of this State."

From what we have said, it follows that, in our opinion, the relator, E. R. Humphrey, is entitled to his discharge. The order of the trial judge refusing this relief is reversed and the relator ordered released from custody.

*Relator discharged.*