See, also, State of Washington v. Superior Court, 113 Wash. 296, 193 Pac. 845 (12 A. L. R. 1428, annotations, p. 1435).

[2] The power conferred is to make rules and regulations from time to time, permitting variations, tolerances, and exemptions. The statute places no limitation upon this authority, save that the variations, tolerances, and exemptions must be reasonable. It prescribes no measure by which their reasonableness may be tested, and sets forth no further expression of the legislative will touching the nature of the rules permitted. It is contemplated that rules prescribed by the Commissioner shall have the force of law and that the nonobservance of them shall constitute a criminal offense. This being true, it is deemed essential to the validity of the law that the Legislature define the power conferred and place limitations upon the authority to make and promulgate the rules, to the end that they may not be lacking in the imperative elements of a law denouncing an offense, which are stated in our Penal Code thus:

"The design of enacting this Code is to define in plain language every offense against the laws of this state, and affix to each offense its proper punishment." P. C. art. 1.
"No person shall be punished for any act or omission unless the same shall be made a penal offense, and a penalty is affixed thereto by the written laws of this state."

From what we have said, it follows that, in our opinion, the relator, E. R. Humphrey, is entitled to his discharge. The order of the trial judge refusing this relief is reversed, and the relator ordered released from custody.

---

## Ex parte HUMPHREY.   (No. 7144.)

(Court of Criminal Appeals of Texas. Nov. 1, 1922.)

Original application for habeas corpus by E. R. Humphrey. Relator discharged.

Ed. J. Hamner, Ellis Douthit & C. E. Mays, Jr., and Beall, Beall & Beall, all of Sweetwater, Head, Dillard, Smith, Maxey & Head and Cecil H. Smith, all of Sherman, and Chas. L. Black, of Austin, for relator.
E. I. Hill, Dist. Atty., and W. E. Ponder, Co. Atty., both of Sweetwater, and R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. This is an original application for writ of habeas corpus, and relates to the identical matter disposed of in the opinion of this court in cause No. 7065, 244 S. W. 822.
For the reasons there expressed, the relator is ordered discharged.