## EX PARTE H. S. SPARKS.

No. 11493.    Delivered January 25, 1928.

**1.—Habeas Corpus—Operating Motor Bus—On Public Highway—Statute Construed.**

Appellant assails the validity of Chapter 270, Acts of the Fortieth Legislature, which places the control of motor busses carrying passengers for hire on the public highways of this state under the Railroad Commission, and attacks many sections of the said Act, on constitutional grounds.

**2.—Same—Continued.**

The public highways of this state are designated and maintained for ordinary purposes. No one has a vested right or privilege to use them in the capacity of a common carrier. The power of the legislature to forbid the use of the highways to common carriers is not deemed open to question. It follows that it may, within constitutional limitations make such regulations and make use of a commission duly created and organized according to law. See Sepulveda v. State, No. 11512, recently decided, not yet reported; Ex Parte Humphrey, 244 S. W. 822, and other cases cited. See also Tiedeman on Mun. Corp., Sec. 299; McQuillan on Mun. Corp. 1620, and Berry on Law of Automobiles, 5th Ed., p. 1211, Sec. 1702.

**3.—Same — Power of Railroad Commission — Constitutional Provisions— Construed.**

Under Art. 2, Sec. 10, of the Constitution of Texas, the power of the legislature to impose upon the Railroad Commission additional duties, not such as to impair those embraced in the constitutional provisions, is not restrictive. See City of Denison v. Municipal Gas Co., 257 S. W. 616, now pending on a writ of error before the Supreme Court.

**4.—Same—Continued.**

Where appellant was not charged with violating any rule of the Railroad Commission, but with a violation of a legislative Act, he could not be discharged, unless the legislative Act under which he was being prosecuted was void.

**5.—Same—Continued.**

It is the general rule that one asserting the invalidity of a law assumes the burden of showing that it is void, and if the validity is doubtful, the court will resolve the doubt in its favor, and this court would not be warranted in concluding that Sec. 5 of said Act is void, and the judgment of the lower court remanding appellant will be affirmed.

Appeal from the County Court of Cottle County. Tried below before the Hon. James M. Whatley, Judge.

Appeal from an order of the County Court remanding appellant to the custody of the sheriff. Affirmed.

The opinion states the case.

*Geo. Mundell, Jr.,* of Austin; *Geo. C. Purl* of Dallas, counsel for Southern Travelers Association; *Bell & Bell; Matthews & Folley* of Paducah, for appellant.

*Claude Pollard,* Attorney General; *A. A. Dawson,* State's Attorney; *R. M. Tilley,* Assistant Attorney General; *H. Grady Chandler,* Assistant Attorney General, and *Allen Clark,* Assistant Attorney General, for the State.

*O. O. Touchstone* of Dallas, Amicus Curiae.

MORROW, PRESIDING JUDGE.—Appellant was charged with unlawfully and wilfully operating a motor bus for the transportation of passengers for hire upon a certain public road named in the complaint. He sought relief by way of a writ of habeas corpus. This appeal is from a judgment remanding him to custody.

The law under which the prosecution is founded (Chap. 270, Acts of 40th Leg.) is attacked upon several grounds, namely, that Secs. 3, 6, and 14, are unauthorized delegations of legislative powers to the Railroad Commission to make rules and regulations governing the use of the highways of the state, and that the law in question makes the disobedience of the rules mentioned a penal offense; also, that Sec. 5 of the Act confers special privileges, rendering it obnoxious to the rule against class legislation.

Sec. 3 of the Act reads as follows:

"It is hereby declared that when existing transportation facilities on any highway in this state do not provide passenger service which the Commission shall deem adequate to provide for public convenience on such highway, then such inadequacy of service shall be considered as creating a condition wherein the public convenience and necessity require the designation of, and provision for, additional service on such highway, and it shall be

the duty of the Commission to issue certificate or certificates as herein provided, if in the opinion of said Commission the issuance of such certificate will promote the public welfare."

Section 6 reads thus:

"The Commission is hereby vested with power and authority, and it is hereby made its duty upon the filing of an application for a certificate of public convenience and necessity, to ascertain and determine under such rules and regulations as it may promulgate, after considering existing transportation facilities on such highway, the service rendered and capable of being rendered thereby, and the demand for, or need of additional service, if there exists a public necessity for such service, and if public convenience will be promoted by granting said application· and permitting the operating of motor vehicles on the highways designated in such application, as a common carrier for hire."

Sec. 14 penalizes as a misdemeanor the disobedience or violation of the provisions of the Act or the rules of the Commission.

Sec. 5 contains the following:

"No motor bus company shall hereafter regularly operate for the transportation of persons as passengers for compensation or hire over the public highways of this state without first having obtained from the Commission under the provisions of this Act a certificate or permit declaring that the public convenience and necessity require such operation; provided, however, that when it appears to the satisfaction of the Commission that any motor bus company making application for a certificate or permit is operating and has been continuously operating a motor-propelled passenger vehicle service in good faith, over the particular highways designated in said application for certificate or permit, for a period commencing January 11, 1927, or prior thereto, said motor bus company shall upon application be granted a temporary permit to operate just as said company shall have been operating during said period and no more; said temporary certificate or permit shall become permanent without notice and hearing before the Commission unless a protest shall be filed with the Commission as provided herein; and in the event protest is filed to the application of such motor bus company then said temporary certificate or permit shall continue in effect until said application and protest is heard and decided upon by the Commission, and said hearing and decision shall be had and rendered by the Commission as speedily as possible.

"At any time within thirty days after the day this Act shall take effect anyone affected by the granting of said certificate

or permit may file with the Commission a protest against said certificate or permit becoming or being made permanent, but such protest, to be considered by the Commission, must be filed within thirty days and shall be in writing, and the author or authors of said protest shall supply the applying motor bus company with a copy of same, setting forth in reasonable detail the reasons for said protest. In the event of protest to any application of any existing motor bus company, hearing upon such application and protest shall be had and decision rendered as provided for all other applications."

The law also contains a proviso that if any part of it offends against the Constitution, the valid provisions shall not thereby be rendered invalid.

There is no statement of facts, but appellant takes the position that the provisions of the law mentioned are void and may therefore be ignored. In the case of Ex Parte Ignacio S. Sepulveda, (No. 11512) from Webb County, this court has recently reviewed in substance the same matters as are involved in this appeal and have therein pointed out that the public highways are designed and maintained for the ordinary purposes; that no one has a vested right or privilege to use them in the capacity of a common carrier for hire. See Tiedeman on Mun. Corp., Sec. 299; McQuillan on Mun. Corp. 1620; Berry on the Law of Automobiles, 5th Ed., p. 1211, Sec. 1702. The power of the Legislature to forbid the use of the highways to common carriers is not deemed open to question. It follows that it may, by law, place restrictions upon the use of the highways by common carriers operating motor vehicles for hire, observing the limitations which the Constitution places upon the legislative power, and that in the administration of such regulations a commission duly created and organized according to law may be made use of. See Ex Parte Humphrey, 244 S. W. 822; Ex Parte Leslie, 233 S. W. 277; Corpus Juris, Vol. 42, p. 641, Sec. 53; also p. 609, Sec. 1; p. 643, Sec. 56; p. 686, Sec. 120; Amer. Law Rep., Vol. 49, p. 1198; also Vol. 47, p. 218; Burgess et al. v. American Rio Grande Land & Irrigation Co., 295 S. W. 649.

Article 2, Sec. 10 of the Constitution of Texas touching railroads and railroad companies is not regarded as either increasing or diminishing the power of the Legislature with reference to the control of the use of the public roads by common carriers. It was held by the Court of Civil Appeals in the case of the City of Denison v. Municipal Gas Company, 257 S. W. 616, that Sec. 2, Art. 10, supra, was not restrictive of the power of the legislature to impose upon the Railroad Commission additional

duties not such as to impair those embraced in the constitutional provision mentioned. In that case the law was attacked upon other grounds and the Supreme Court granted the application for a writ of error "because of the importance of the subject," and the matter is still pending in that court.

The only provision of the law in question (Chapter 270, supra) to which it is necessary to refer or upon which this court is in any manner, by the present appeal, called upon to pass, is that part of Sec. 5 which is copied above. The authority of the Railroad Commission to make rules and regulations and the power of the Legislature to enforce such rules by a penal statute is not involved, for the reason that it does not appear that the appellant is charged with violating any rule. The complaint against him is that he violated the provisions of the statute which declares that he may not use the roads without complying with the legislative demand that he obtain a certificate from the Railroad Commission. The record fails to show that he ever sought such a certificate. His right to complain is doubtful. See Lehon v. Atlanta, 242 U. S. 253, 61 L. Ed. 145. Certainly, his position that he is entitled to discharge could not be sustained unless the provisions of the law under which he is prosecuted should be regarded as void. It is the general rule that one asserting the invalidity of a law assumes the burden of showing that it is void, and if the validity is doubtful, the court will resolve the doubt in its favor. See Ruling Case Law, Vol. 6, p. 97, Sec. 20. The courts of this state, as indicated, so far as they have passed upon the power of the Legislature to impose additional duties upon the Railroad Commission, the act has been upheld. As stated in the case of Ex Parte Sepulveda, supra, (to which we refer for a more extended discussion), this court would not be warranted in concluding that Sec. 5 of the Act is void.

The judgment is affirmed.

*Affirmed.*