**Ex parte Milton Dick ELLIOTT,
Appellant.**

**Nos.  03–97–00674–CR, 03–97–00816–CR.**

Court of Appeals of Texas,
Austin.

July 16, 1998.

E.G. Morris, Morris & Florey, L.L.P., Austin, for Appellant.

---

**36.**  Tex. Transp.  Code Ann.  § 724.002.

**37.**  *Texas Boll Weevil Eradication Found., Inc. v. Lewellen,* 952 S.W.2d 454, 463 (Tex.1997).

Ronald Earle, District Attorney, James Adkins, Assistant District Attorney, Austin, for State.

Before YEAKEL, C.J., and ABOUSSIE and JONES, JJ.

YEAKEL, Chief Justice.

Milton Dick Elliott applied for two writs of habeas corpus challenging the constitutionality of the statutes upon which pending indictments against him were based. The writs issued and, after a hearing, the trial court denied the relief sought in both. These appeals followed. *See* Tex.R.App. P. 31.

## FACTUAL AND PROCEDURAL BACKGROUND

Elliott was indicted for transportation of hazardous waste to an unpermitted location in violation of section 361.221(a)(1)[1] of the Texas Health and Safety Code (THSC), and for illegal storage of hazardous waste in violation of THSC section 361.221(a)(2).[2] He was arrested and subsequently released on bond subject to the conditions set by the bond. *See* Tex.Code Crim. Proc. Ann. art. 11.22 (West 1979).

Elliott filed in the district court petitions for writs of habeas corpus claiming that the statutes upon which the indictments are based are unconstitutional because they constitute an improper delegation of legislative authority to a federal agency. The State responded to each and a hearing was held before the trial court on both petitions. The court entered an order denying the relief requested holding that sections 361.221(a)(1) and (2) are constitutional and, therefore, that the indictments are not fundamentally defec-

1. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality of this statutory provision is before this Court under cause number 03–97–00816–CR.

2. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality of this statutory provision is before this Court under cause number 03–97–00674–CR.

3. Article II, Section 1 of the Texas Constitution provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those

tive. On appeal, Elliott contends that both sections must be declared invalid as an unconstitutional delegation of legislative authority.

## DISCUSSION

Elliott argues that THSC sections 361.221(a)(1) and (2) (otherwise referred to as the Texas Solid Waste Disposal Act) violate the separation of powers clause of the Texas Constitution by improperly delegating governmental authority to a federal agency administrator. *See* Tex. Const. art. II, § 1.[3] Sections 361.221(a)(1) and (2) provide, in pertinent part:

(a) A person commits an offense if the person, acting intentionally or knowingly with respect to the person's conduct:

(1) transports, or causes or permits to be transported, for storage, processing, or disposal, any *hazardous waste* to any location that does not have all required permits;

(2) stores, processes, exports, or disposes of, or causes to be stored, processed, exported, or disposed of, any *hazardous waste* without all permits required by the appropriate regulatory agency or in knowing violation of any material condition or requirement of a permit or of an applicable interim status rule or standard.

Act of July 30, 1991, 72d Leg., 1st C.S., ch. 3, § 8.04, 1991 Tex. Gen. Laws 4, 78–79 (formerly Tex. Health & Safety Code Ann. §§ 361.221(a)(1), (2) (West 1992) (emphasis added)).[4] Elliott asserts that the term "haz-

which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

4. Sections 361.221(a)(1) and (2) were repealed in 1997 and replaced by sections 7.162(a)(1) and (2) of the Texas Water Code. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 60(b)(2), 1997 Tex. Gen. Laws 4094, 4142; Tex. Water Code Ann. §§ 7.162(a)(1), (2) (West Supp.1998). Because Elliott allegedly committed the offenses

ardous waste" is an "essential element" of the prohibited conduct under sections 361.221(a)(1) and (2). Hazardous waste is defined under the Texas Solid Waste Disposal Act as "solid waste *identified or listed as a hazardous waste by the administrator of the United States Environmental Protection Agency* under the federal Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as amended (42 U.S.C. Section 6901, et seq.)." Former Tex. Health & Safety Code Ann. § 361.003(15) (West 1992); now Tex. Health & Safety Code Ann. § 361.003(12) (West Supp.1998) (emphasis added).[5] Elliott challenges the Texas legislature's delegation of authority to the federal Environmental Protection Agency (EPA) to define hazardous waste under section 361.003(15). He argues that the legislature's delegation constitutes a surrender of its legislative power to the federal government. He further argues that although an over-broad delegation may be saved if properly restricted through statutory standards or guidelines limiting the agency's discretion, nowhere in the Texas Solid Waste Disposal Act does the legislature include such restrictions on the EPA's authority.

As an example of a properly restricted delegation of rulemaking authority, Elliott directs this Court to *State of Louisiana v. All Pro Paint & Body Shop, Inc.*, 639 So.2d 707 (La.1994). Under Louisiana's Hazardous Waste Control Law (HWCL), hazardous waste is defined as:

> any waste, or combination of wastes, which because of its quantity, concentration, physical, or chemical characteristics may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating reversible illness, or pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed. Such definition shall be applied only to those wastes identified and designated as such by the department, consistent with applicable federal laws and regulations.

La.Rev.Stat. Ann. § 30:2173(2) (West 1988). The HWCL further authorizes the Louisiana Department of Environmental Quality (DEQ) to promulgate regulations implementing a state hazardous waste control program consistent with the minimum requirements of the mandate of the federal Resource Conservation and Recovery Act (RCRA). Under the HWCL, RCRA standards are used as the minimum standards to comply with the federal mandate. However, the legislature further authorizes the DEQ to adopt more stringent standards. *See* La. R. Stat. Ann. § 49:953(F) (West 1988) (prescribing special procedures for promulgation by DEQ of "a rule that is not identical to a federal law or regulation or is not required for compliance with a federal law or regulation").

In *All Pro*, the Louisiana Supreme Court considered whether the HWCL constituted an unconstitutional delegation of legislative authority to the federal government because RCRA standards are mandated as the minimum requirements to be adopted by the DEQ. The Court held the statute was constitutional because the Louisiana legislature retained its legislative power to decide its

---

before the effective date of the 1997 Acts, however, the former law remains in effect for purposes of the indictment in this case. The enacting legislation provides:

> A change in law made by this Act that relates to an administrative or civil penalty or the revocation of a permit, license, certificate, registration, or other form of authorization issued by the Texas Natural Resource Conservation Commission applies only to a violation that occurred on or after September 1, 1997. A violation that occurs before September 1, 1997, is covered by the law in effect when the violation occurred, and the former law is continued in effect for that purpose.

Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 62(b), 1997 Tex. Gen. Laws 4094, 4142–43 (not codified).

**5.** In 1997, the Texas legislature amended section 361.003(15) by renumbering the subsection. *See* Tex. Health & Safety Code Ann. § 361.003(12) (West Supp.1998). The 1997 amendments, however, did not change the definition of hazardous waste. Because former section 361.003(15) was in effect at the time Elliott was indicted, we will refer to the former law for purposes of this opinion.

hazardous waste laws in lieu of the federal program created by RCRA:

> Thus, the legislature, not Congress or EPA, establishes the "framework for the regulation, monitoring, and control of the generators, transportation, treatment, storage, and disposal of such hazardous wastes" in Louisiana. La.R.S. 30:2172(B). Furthermore, although the legislature necessarily incorporates RCRA's minimum requirements in the HWCL as standards which serve to limit DEQ's discretion in administering and enforcing the HWCL, the legislature does not thereby surrender either to Congress, EPA, or DEQ its power to impose requirements which are more stringent than RCRA's requirements.

*All Pro*, 639 So.2d at 717–18 n. 16. Elliott contends that the Texas legislature has failed to retain its authority under the Texas Solid Waste Disposal Act because, with its reference in section 361.003(15) to the definition of hazardous waste established by the EPA under RCRA, the Texas legislature has "surrendered its legislative power" to the federal government without limitation. He argues that the Texas legislature could have constitutionally delegated its authority to a state agency to promulgate regulations defining hazardous waste using RCRA standards as the minimum standards to apply.

### The Nondelegation Doctrine

■ The doctrine of separation of powers, adopted by the Texas Constitution from the United States Constitution, is well established in Texas. *See Texas Boll Weevil Eradication Found., Inc. v. Lewellen*, 952 S.W.2d 454, 465 (Tex.1997). "The power to pass laws rests with the Legislature, and that power cannot be delegated to some commission or other tribunal." *Brown v. Humble Oil & Ref. Co.*, 126 Tex. 296, 83 S.W.2d 935, 941 (1935). The same principle applies in the context of criminal statutes: The authority to define crimes and fix the punishment for those crimes is vested exclusively with the legislature. *See Ex parte Humphrey*, 92 Tex.Crim. 501, 244 S.W. 822, 824 (1922); *Ex parte Leslie*, 87 Tex.Crim. 476, 223 S.W. 227, 227–28 (1920).

■ Review of Texas case law reveals, however, that this depression-era doctrine of nondelegation has not been broadly applied. "Even in a simple society, a legislative body would be hard put to contend with every detail involved in carrying out its laws; in a complex society it is absolutely impossible to do so. Hence, legislative delegation of power to enforce and apply its law is both necessary and proper." *Boll Weevil*, 952 S.W.2d at 466 (citing *Field v. Clark*, 143 U.S. 649, 693–93, 12 S.Ct. 495, 36 L.Ed. 294 (1892)). The Texas Supreme Court, Texas Court of Criminal Appeals, and courts of appeals, including this Court, generally have upheld delegations to state and municipal agencies, *id.* at 467–68, so long as the statutes delegating powers to the agencies establish "reasonable standards to guide the entity to which the powers are delegated." *Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 689 (Tex.1992) (quoting *State v. Texas Mun. Power Agency*, 565 S.W.2d 258, 273 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ dism'd)). Indeed, even the Texas Supreme Court in pronouncing the general nondelegation doctrine in *Brown* recognized a need for the legislature to delegate the duty "to carry out the details under the general provisions of the statutes." *Brown*, 83 S.W.2d at 940. The determining factor in *Brown* was not whether the delegation was broad or narrow, but whether the court could discern a legislative limit to the agency's discretion through well-defined standards and rules in the statutes. *Id.* at 940–41. *See also* Ronald L. Beal, Tex. Admin. Prac. & Proc. Issue 0, p. 2–4 (1997).

### Defining the Applicable Standards

In order to address the question of whether the legislature's delegation in THSC section 361.003(15) is constitutional, we must first determine what standard to apply in determining whether the delegation is appropriate. In *Boll Weevil*, the Texas Supreme Court established separate standards for public and private delegations. 952 S.W.2d at 472.

The delegation in this case does not fall neatly within either category recognized in *Boll Weevil*. Here, the statute in question delegates authoritative power not to a state

agency or private, interested party, but to a *federal* agency. On the one hand, we can find no Texas case addressing the application of the nondelegation doctrine to a federal agency. On the other, a federal agency is a governmental agency, and therefore, a public entity. In *Boll Weevil,* the supreme court merely stated that "usual" delegations are "to an agency or other department of *government." Id.* at 472 (emphasis added). From this reasoning, we can assume that the standards applicable to a public delegation to a state agency should also apply to a public delegation to a federal agency.

"In reviewing a public delegation, we adhere to those factors set forth by this Court in *Housing Authority of City of Dallas v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79, 87 (1940), and its progeny." *Id.* The supreme court in *Higginbotham* developed six classifications of valid delegations, based on factors addressed in earlier nondelegation doctrine cases before the court:

(1) Where the legislature because of the nature of the subject of legislation cannot practically and efficiently exercise such power ... to determine questions of public convenience and necessity....

(2) It is not an invalid delegation of legislative authority to grant to an administrative body the right to make rules to put into effect completed laws....

(3) The legislature may validly delegate the authority to find facts from the basis of which there is determined the applicability of the law; that is, an administrative body may be given the authority to ascertain conditions upon which an existing law may operate....

(4) In the delegation of legislative authority the legislature must set up standards, leaving to selected municipalities the making of those rules and the determination of facts to which legislative policy is to apply. Such standards may be broad where conditions must be considered which cannot be conveniently investigated by the legislature.

(5) The power to fix rates within prescribed limits to cover specified items of costs may be delegated.

(6) The power to determine the question of necessity to take particular land for public use under eminent domain may be validly delegated.

*Id.* (internal citations omitted). By applying the principles in these classifications to the facts of the particular case at issue, the court developed a standard to determine "whether or not invalid delegation of legislative authority has been made." *Id.*

Here the question is whether the legislature has delegated to the EPA the power to amend Texas law each time it changes the definition of hazardous waste. The application of the factors set forth in *Higginbotham* does not result in a test different from that expressed in *All Pro* and urged by Elliott: Has the legislature retained its legislative power to decide what constitutes hazardous waste? We acknowledge that section 361.003(15) may be read to say that the legislature has delegated to the EPA the power to define hazardous waste under the THSC and that definition may change from time to time at the will of the EPA without intervention by or guidance from the legislature. Such a construction would in fact place in doubt the constitutionality of this provision.

However, in addition to the standards established in *Higginbotham,* the Texas Supreme Court recognizes the general rule of incorporation by reference:

Statutes which refer to other statutes and make them applicable to the subject of legislation are called "reference statutes," and are a familiar and valid mode of legislation. The general rule is that when a statute is adopted by a specific descriptive reference, *the adoption takes the statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the adopting act.*

*Trimmier v. Carlton,* 116 Tex. 572, 296 S.W. 1070, 1074 (1927) (emphasis added); *see also Falkner v. Allied Fin. Co. of Bay City,* 394 S.W.2d 208, 214 (Tex.Civ.App.—Austin 1965, no writ). Thus, if section 361.003(15) does no more than incorporate into the THSC the federal law which it found at the time of its

passage, it may survive constitutional scrutiny.

### Statutory Construction

■ The Texas Court of Criminal Appeals recognizes a duty to construe a statute subject to varying interpretations in a manner that assumes the legislature's intent to enact a constitutional statute. *State v. Edmond,* 933 S.W.2d 120, 124 (Tex.Crim.App.1996) (citing *Faulk v. State,* 608 S.W.2d 625, 630 (Tex.Crim.App.1980)). This rule of statutory construction was first observed by the United States Supreme Court in *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836 (1909): "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, [the court's] duty is to adopt the latter." The Texas Supreme Court also applies this duty of statutory construction consistent with constitutional requirements. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990) ("Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with state and federal constitutions.") (citing *Greyhound Lines, Inc. v. Board of Equalization,* 419 S.W.2d 345, 348–49 (Tex.1967); and Tex. Gov't Code Ann. § 311.021(1) (West 1988)).

Mindful of each of these considerations, we conclude that the reference to the federal act in section 361.003(15) adopts by reference that act and the regulations promulgated thereunder which were in effect on July 30, 1991, the date section 361.003(15) of the Texas Solid Waste Disposal Act was enacted, defining hazardous waste to mean "solid waste identified or listed as a hazardous waste by the administrator of the United States Environmental Protection Agency under the federal Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as amended (42 U.S.C. Section 6901, *et seq.*)," as of July 30, 1991. We are of the opinion that the terms "as amended" in section 361.003(15) refer to the federal act "as amended" at the time of the enactment of the adoptive statute adopting by reference the federal act and the regulations and changes promulgated before the enactment of the adoptive statute.[6] As the Texas Supreme Court noted in *Trimmier:* "[T]he adoption takes the statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the adopting act." 296 S.W. at 1074. Therefore, we do not construe, in this case, the adopting statute as attempting to adopt future laws, rules or regulations of the federal government.

A statute adopting by reference the laws of the federal government and the regulations promulgated thereunder by one of its agencies in existence at the time of the enactment of the adopting statute is not an unlawful delegation of legislative power. Thus, the legislature need not include procedural standards and guidelines to limit the agency's future rulemaking power because the agency's discretion is expressly limited under the statute to those past rulemaking acts that have been approved by the legislature. Because the EPA's discretion is expressly limited to the date of the enactment of section 361.003(15), the legislature is not required to include the delegation standards addressed in *All Pro.*[7] Upon review of the state and federal statutes, we find that the federal Solid Waste Disposal Act, as amended by RCRA, as amended, as it existed on July 30, 1991, gives adequate notice of those solid waste items identified or listed as hazardous

---

6. Similar reasoning limiting a state statute's reference of a federal act to the time of the enactment of the adopting state statute was applied by the North Dakota Supreme Court in *State v. Julson,* 202 N.W.2d 145 (N.D.1972).

7. In addition, we note that under our construction of section 361.003(15), Elliott received ample notice that the definition of hazardous waste could be found by referring to EPA regulations identifying or listing solid waste as hazardous waste as of July 30, 1991, the date section 361.003(15) was enacted. *See Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988) ("[S]tatute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden and the statute may not encourage arbitrary and erratic arrests and convictions.") (citing *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972)).

waste under EPA regulations then in effect in a manner sufficiently distinct for judges and juries to fairly administer sections 361.221(a)(1) and (2) of the Texas Solid Waste Disposal Act. Accordingly, we over-rule Elliot's sole issue presented.

## CONCLUSION

The trial court properly held that sections 361.221(a)(1) and (2) of the Texas Solid Waste Disposal Act are constitutional and properly refused to dismiss the indictments against Elliott. Accordingly, we affirm the court's order denying relief.