TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00674-CR


NO. 03-97-00816-CR







Ex parte Milton Dick Elliott, Appellant









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NOS. 0954859 & 0954865, HONORABLE LARRY L. FULLER, JUDGE PRESIDING






 Milton Dick Elliott applied for two writs of habeas corpus challenging the constitutionality
of the statutes upon which pending indictments against him were based. The writs issued and, after a
hearing, the trial court denied the relief sought in both. These appeals followed. See Tex. R. App. P. 31.


FACTUAL AND PROCEDURAL BACKGROUND


 Elliott was indicted for transportation of hazardous waste to an unpermitted location in
violation of section 361.221(a)(1) (1) of the Texas Health and Safety Code (THSC), and for illegal storage
of hazardous waste in violation of THSC section 361.221(a)(2). (2) He was arrested and subsequently
released on bond subject to the conditions set by the bond. See Tex. Code Crim. Proc. Ann. art. 11.22
(West 1979).

 Elliott filed in the district court petitions for writs of habeas corpus claiming that the statutes
upon which the indictments are based are unconstitutional because they constitute an improper delegation
of legislative authority to a federal agency. The State responded to each and a hearing was held before the
trial court on both petitions. The court entered an order denying the relief requested holding that sections
361.221(a)(1) and (2) are constitutional and, therefore, that the indictments are not fundamentally defective. 
On appeal, Elliott contends that both sections must be declared invalid as an unconstitutional delegation of
legislative authority.


DISCUSSION


 Elliott argues that THSC sections 361.221(a)(1) and (2) (otherwise referred to as the
Texas Solid Waste Disposal Act) violate the separation of powers clause of the Texas Constitution by
improperly delegating governmental authority to a federal agency administrator. See Tex. Const. art. II,
§ 1. (3) Sections 361.221 (a)(1) and (2) provide, in pertinent part:

(a) A person commits an offense if the person, acting intentionally or knowingly with
respect to the person's conduct:


 (1) transports, or causes or permits to be transported, for storage, processing, or
disposal, any hazardous waste to any location that does not have all required
permits;


 (2) stores, processes, exports, or disposes of, or causes to be stored, processed,
exported, or disposed of, any hazardous waste without all permits required
by the appropriate regulatory agency or in knowing violation of any material
condition or requirement of a permit or of an applicable interim status rule or
standard.



Act of July 30, 1991, 72d Leg., 1st C.S., ch. 3, § 8.04, 1991 Tex. Gen. Laws 4, 78-79 (formerly Tex.
Health & Safety Code Ann. §§ 361.221(a)(1), (2) (West 1992) (emphasis added)). (4) Elliott asserts that
the term "hazardous waste" is an "essential element" of the prohibited conduct under sections
361.221(a)(1) and (2). Hazardous waste is defined under the Texas Solid Waste Disposal Act as "solid
waste identified or listed as a hazardous waste by the administrator of the United States
Environmental Protection Agency under the federal Solid Waste Disposal Act, as amended by the
Resource Conservation and Recovery Act of 1976, as amended (42 U.S.C. Section 6901, et seq.)." 
Former Tex. Health & Safety Code Ann. § 361.003(15) (West 1992); now Tex. Health & Safety Code
Ann. § 361.003(12) (West Supp. 1998) (emphasis added). (5) Elliott challenges the Texas legislature's
delegation of authority to the federal Environmental Protection Agency (EPA) to define hazardous waste
under section 361.003(15). He argues that the legislature's delegation constitutes a surrender of its
legislative power to the federal government. He further argues that although an over-broad delegation may
be saved if properly restricted through statutory standards or guidelines limiting the agency's discretion,
nowhere in the Texas Solid Waste Disposal Act does the legislature include such restrictions on the EPA's
authority.

 As an example of a properly restricted delegation of rulemaking authority, Elliott directs
this Court to State of Louisiana v. All Pro Paint & Body Shop, Inc., 639 So.2d 707 (La. 1994). Under
Louisiana's Hazardous Waste Control Law (HWCL), hazardous waste is defined as:


any waste, or combination of wastes, which because of its quantity, concentration,
physical, or chemical characteristics may cause or significantly contribute to an increase in
mortality or an increase in serious irreversible or incapacitating reversible illness, or pose
a substantial present or potential hazard to human health or the environment when
improperly treated, stored, transported, disposed of, or otherwise managed. Such
definition shall be applied only to those wastes identified and designated as such by the
department, consistent with applicable federal laws and regulations.



La. Rev. Stat. Ann. § 30:2173(2) (West 1988). The HWCL further authorizes the Louisiana Department
of Environmental Quality (DEQ) to promulgate regulations implementing a state hazardous waste control
program consistent with the minimum requirements of the mandate of the federal Resource Conservation
and Recovery Act (RCRA). Under the HWCL, RCRA standards are used as the minimum standards to
comply with the federal mandate. However, the legislature further authorizes the DEQ to adopt more
stringent standards. See La. R. Stat. Ann. § 49:953(F) (West 1988) (prescribing special procedures for
promulgation by DEQ of "a rule that is not identical to a federal law or regulation or is not required for
compliance with a federal law or regulation").

 In All Pro, the Louisiana Supreme Court considered whether the HWCL constituted an
unconstitutional delegation of legislative authority to the federal government because RCRA standards are
mandated as the minimum requirements to be adopted by the DEQ. The Court held the statute was
constitutional because the Louisiana legislature retained its legislative power to decide its hazardous waste
laws in lieu of the federal program created by RCRA:


Thus, the legislature, not Congress or EPA, establishes the "framework for the regulation,
monitoring, and control of the generators, transportation, treatment, storage, and disposal
of such hazardous wastes" in Louisiana. La.R.S. 30:2172(B). Furthermore, although the
legislature necessarily incorporates RCRA's minimum requirements in the HWCL as
standards which serve to limit DEQ's discretion in administering and enforcing the HWCL,
the legislature does not thereby surrender either to Congress, EPA, or DEQ its power to
impose requirements which are more stringent than RCRA's requirements.



All Pro, 639 So.2d at 717-18 n.16. Elliott contends that the Texas legislature has failed to retain its
authority under the Texas Solid Waste Disposal Act because, with its reference in section 361.003(15) to
the definition of hazardous waste established by the EPA under RCRA, the Texas legislature has
"surrendered its legislative power" to the federal government without limitation. He argues that the Texas
legislature could have constitutionally delegated its authority to a state agency to promulgate regulations
defining hazardous waste using RCRA standards as the minimum 

standards to apply.


The Nondelegation Doctrine

 The doctrine of separation of powers, adopted by the Texas Constitution from the United
States Constitution, is well established in Texas. See Texas Boll Weevil Eradication Found., Inc. v.
Lewellen, 952 S.W.2d 454, 465 (Tex. 1997). "The power to pass laws rests with the Legislature, and
that power cannot be delegated to some commission or other tribunal." Brown v. Humble Oil & Ref. Co.,
83 S.W.2d 935, 941 (Tex. 1935). The same principle applies in the context of criminal statutes: The
authority to define crimes and fix the punishment for those crimes is vested exclusively with the legislature. 
See Ex parte Humphrey, 244 S.W. 822, 824 (Tex. Crim. App. 1922); Ex parte Leslie, 223 S.W. 227,
227-28 (Tex. Crim. App. 1920).

 Review of Texas case law reveals, however, that this depression-era doctrine of
nondelegation has not been broadly applied. "Even in a simple society, a legislative body would be hard
put to contend with every detail involved in carrying out its laws; in a complex society it is absolutely
impossible to do so. Hence, legislative delegation of power to enforce and apply its law is both necessary
and proper." Boll Weevil, 952 S.W.2d at 466 (citing Field v. Clark, 143 U.S. 649, 693-93 (1892)). 
The Texas Supreme Court, Texas Court of Criminal Appeals, and courts of appeals, including this Court,
generally have upheld delegations to state and municipal agencies, id. at 467-68, so long as the statutes
delegating powers to the agencies establish "reasonable standards to guide the entity to which the powers
are delegated." Railroad Comm'n v. Lone Star Gas Co., 844 S.W.2d 679, 689 (Tex. 1992) (quoting
State v. Texas Mun. Power Agency, 565 S.W.2d 258, 273 (Tex. Civ. App.--Houston [1st Dist.] 1978,
writ dism'd)). Indeed, even the Texas Supreme Court in pronouncing the general nondelegation doctrine
in Brown recognized a need for the legislature to delegate the duty "to carry out the details under the
general provisions of the statutes." Brown, 83 S.W.2d at 940. The determining factor in Brown was not
whether the delegation was broad or narrow, but whether the court could discern a legislative limit to the
agency's discretion through well-defined standards and rules in the statutes. Id. at 940-41. See also
Ronald L. Beal, Tex. Admin. Prac. & Proc. Issue 0, p. 2-4 (1997).


Defining the Applicable Standards

 In order to address the question of whether the legislature's delegation in THSC section
361.003(15) is constitutional, we must first determine what standard to apply in determining whether the
delegation is appropriate. In Boll Weevil, the Texas Supreme Court established separate standards for
public and private delegations. 952 S.W.2d at 472.

 The delegation in this case does not fall neatly within either category recognized in Boll
Weevil. Here, the statute in question delegates authoritative power not to a state agency or private,
interested party, but to a federal agency. On the one hand, we can find no Texas case addressing the
application of the nondelegation doctrine to a federal agency. On the other, a federal agency is a
governmental agency, and therefore, a public entity. In Boll Weevil, the supreme court merely stated that
"usual" delegations are "to an agency or other department of government." Id. at 472 (emphasis added). 
From this reasoning, we can assume that the standards applicable to a public delegation to a state agency
should also apply to a public delegation to a federal agency.

 "In reviewing a public delegation, we adhere to those factors set forth by this Court in
Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 87 (1940), and
its progeny." Id. The supreme court in Higginbotham developed six classifications of valid delegations,
based on factors addressed in earlier nondelegation doctrine cases before the court:


(1) Where the legislature because of the nature of the subject of legislation cannot
practically and efficiently exercise such power . . . to determine questions of public
convenience and necessity . . . . 


(2) It is not an invalid delegation of legislative authority to grant to an administrative body
the right to make rules to put into effect completed laws . . . .


(3) The legislature may validly delegate the authority to find facts from the basis of which
there is determined the applicability of the law; that is, an administrative body may be
given the authority to ascertain conditions upon which an existing law may operate . .
. .


(4) In the delegation of legislative authority the legislature must set up standards, leaving
to selected municipalities the making of those rules and the determination of facts to
which legislative policy is to apply. Such standards may be broad where conditions
must be considered which cannot be conveniently investigated by the legislature.


(5) The power to fix rates within prescribed limits to cover specified items of costs may
be delegated.


(6) The power to determine the question of necessity to take particular land for public use
under eminent domain may be validly delegated.


Id. (internal citations omitted). By applying the principles in these classifications to the facts of the particular
case at issue, the court developed a standard to determine "whether or not invalid delegation of legislative
authority has been made." Id.

 Here the question is whether the legislature has delegated to the EPA the power to amend
Texas law each time it changes the definition of hazardous waste. The application of the factors set forth
in Higginbotham does not result in a test different from that expressed in All Pro and urged by Elliott: Has
the legislature retained its legislative power to decide what constitutes hazardous waste? We acknowledge
that section 361.003(15) may be read to say that the legislature has delegated to the EPA the power to
define hazardous waste under the THSC and that definition may change from time to time at the will of the
EPA without intervention by or guidance from the legislature. Such a construction would in fact place in
doubt the constitutionality of this provision.

 However, in addition to the standards established in Higginbotham, the Texas Supreme
Court recognizes the general rule of incorporation by reference:


Statutes which refer to other statutes and make them applicable to the subject of legislation
are called "reference statutes," and are a familiar and valid mode of legislation. The general
rule is that when a statute is adopted by a specific descriptive reference, the adoption
takes the statute as it exists at that time, and the subsequent amendment thereof
would not be within the terms of the adopting act.



Trimmier v. Carlton, 296 S.W. 1070, 1074 (Tex. 1927) (emphasis added); see also Faulker v. Allied
Fin. Co. of Bay City, 394 S.W.2d 208, 214 (Tex. Civ. App.--Austin 1965, no writ). Thus, if section
361.003(15) does no more than incorporate into the THSC the federal law which it found at the time of
its passage, it may survive constitutional scrutiny.


Statutory Construction

 The Texas Court of Criminal Appeals recognizes a duty to construe a statute subject to
varying interpretations in a manner that assumes the legislature's intent to enact a constitutional statute. 
State v. Edmond, 933 S.W.2d 120, 124 (Tex. Crim. App. 1996) (citing Faulk v. State, 608 S.W.2d
625, 630 (Tex. Crim. App. 1980)). This rule of statutory construction was first observed by the United
States Supreme Court in United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U.S.
366, 408 (1909): "[W]here a statute is susceptible of two constructions, by one of which grave and
doubtful constitutional questions arise and by the other of which such questions are avoided, [the court's]
duty is to adopt the latter." The Texas Supreme Court also applies this duty of statutory construction
consistent with constitutional requirements. Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712,
715 (Tex. 1990) ("Statutes are given a construction consistent with constitutional requirements, when
possible, because the legislature is presumed to have intended compliance with state and federal
constitutions.") (citing Greyhound Lines, Inc. v. Board of Equalization, 419 S.W.2d 345, 348-49 (Tex.
1967); and Tex. Gov't Code Ann. § 311.021(1) (West 1988)).

 Mindful of each of these considerations, we conclude that the reference to the federal act
in section 361.003(15) adopts by reference that act and the regulations promulgated thereunder which were
in effect on July 30, 1991, the date section 361.003(15) of the Texas Solid Waste Disposal Act was
enacted, defining hazardous waste to mean "solid waste identified or listed as a hazardous waste by the
administrator of the United States Environmental Protection Agency under the federal Solid Waste Disposal
Act, as amended by the Resource Conservation and Recovery Act of 1976, as amended (42 U.S.C.
Section 6901, et seq.)," as of July 30, 1991. We are of the opinion that the terms "as amended" in section
361.003(15) refer to the federal act "as amended" at the time of the enactment of the adoptive statute
adopting by reference the federal act and the regulations and changes promulgated before the enactment
of the adoptive statute. (6) As the Texas Supreme Court noted in Trimmier: "[T]he adoption takes the
statute as it exists at that time, and the subsequent amendment thereof would not be within the terms of the
adopting act." 296 S.W. at 1074. Therefore, we do not construe, in this case, the adopting statute as
attempting to adopt future laws, rules or regulations of the federal government.

 A statute adopting by reference the laws of the federal government and the regulations
promulgated thereunder by one of its agencies in existence at the time of the enactment of the adopting
statute is not an unlawful delegation of legislative power. Thus, the legislature need not include procedural
standards and guidelines to limit the agency's future rulemaking power because the agency's discretion is
expressly limited under the statute to those past rulemaking acts that have been approved by the legislature. 
Because the EPA's discretion is expressly limited to the date of the enactment of section 361.003(15), the
legislature is not required to include the delegation standards addressed in All Pro. (7) Upon review of the
state and federal statutes, we find that the federal Solid Waste Disposal Act, as amended by RCRA, as
amended, as it existed on July 30, 1991, gives adequate notice of those solid waste items identified or listed
as hazardous waste under EPA regulations then in effect in a manner sufficiently distinct for judges and
juries to fairly administer sections 361.221(a)(1) and (2) of the Texas Solid Waste Disposal Act. 
Accordingly, we overrule Elliot's sole issue presented.


CONCLUSION


 The trial court properly held that sections 361.221(a)(1) and (2) of the Texas Solid Waste
Disposal Act are constitutional and properly refused to dismiss the indictments against Elliott. Accordingly,
we affirm the court's order denying relief.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed on Both Causes

Filed: July 16, 1998

Publish

1. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality
of this statutory provision is before this Court under cause number 03-97-00816-CR.
2. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality
of this statutory provision is before this Court under cause number 03-97-00674-CR.
3. Article II, Section 1 of the Texas Constitution provides: 


 The powers of the Government of the State of Texas shall be divided into three distinct
departments, each of which shall be confided to a separate body of magistracy, to wit: Those
which are Legislative to one; those which are Executive to another, and those which are
Judicial to another; and no person, or collection of persons, being of one of these departments,
shall exercise any power properly attached to either of the others, except in the instances herein
expressly permitted.


Tex. Const. art. II, § 1.
4. Sections 361.221(a)(1) and (2) were repealed in 1997 and replaced by sections 7.162(a)(1) and
(2) of the Texas Water Code. See Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 60 (b)(2), 1997
Tex. Gen. Laws 4094, 4142; Tex. Water Code Ann. §§ 7.162(a)(1), (2) (West Supp. 1998). Because
Elliott allegedly committed the offenses before the effective date of the 1997 Acts, however, the former law
remains in effect for purposes of the indictment in this case. The enacting legislation provides:


 A change in law made by this Act that relates to an administrative or civil penalty or the
revocation of a permit, license, certificate, registration, or other form of authorization issued
by the Texas Natural Resource Conservation Commission applies only to a violation that
occurred on or after September 1, 1997. A violation that occurs before September 1, 1997,
is covered by the law in effect when the violation occurred, and the former law is continued in
effect for that purpose.


Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 62(b), 1997 Tex. Gen. Laws 4094, 4142-43 (not
codified).
5. In 1997, the Texas legislature amended section 361.003(15) by renumbering the subsection. See
Tex. Health & Safety Code Ann. § 361.003(12) (West Supp. 1998). The 1997 amendments, however,
did not change the definition of hazardous waste. Because former section 361.003(15) was in effect at the
time Elliott was indicted, we will refer to the former law for purposes of this opinion.
6. Similar reasoning limiting a state statute's reference of a federal act to the time of the enactment of
the adopting state statute was applied by the North Dakota Supreme Court in State v. Julson, 202
N.W.2d 145 (N.D. 1972). 
7. In addition, we note that under our construction of section 361.003(15), Elliott received ample notice
that the definition of hazardous waste could be found by referring to EPA regulations identifying or listing
solid waste as hazardous waste as of July 30, 1991, the date section 361.003(15) was enacted. See
Engelking v. State, 750 S.W.2d 213, 215 (Tex. Crim. App. 1988) ("[S]tatute must give a person of
ordinary intelligence fair notice that his contemplated conduct is forbidden and the statute may not
encourage arbitrary and erratic arrests and convictions.") (citing Papachristou v. City of Jacksonville,
405 U.S. 156 (1972)).


> Upon review of the
state and federal statutes, we find that the federal Solid Waste Disposal Act, as amended by RCRA, as
amended, as it existed on July 30, 1991, gives adequate notice of those solid waste items identified or listed
as hazardous waste under EPA regulations then in effect in a manner sufficiently distinct for judges and
juries to fairly administer sections 361.221(a)(1) and (2) of the Texas Solid Waste Disposal Act. 
Accordingly, we overrule Elliot's sole issue presented.


CONCLUSION


 The trial court properly held that sections 361.221(a)(1) and (2) of the Texas Solid Waste
Disposal Act are constitutional and properly refused to dismiss the indictments against Elliott. Accordingly,
we affirm the court's order denying relief.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed on Both Causes

Filed: July 16, 1998

Publish

1. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality
of this statutory provision is before this Court under cause number 03-97-00816-CR.
2. Appeal from the trial court's denial of Elliott's writ of habeas corpus challenging the constitutionality
of this statutory provision is before this Court under cause number 03-97-00674-CR.
3. Article II, Section 1 of the Texas Constitution provides: 


 The powers of the Government of the State of Texas shall be divided into three distinct
departments, each of which shall be confided to a separate body of magistracy, to wit: Those
which are Legislative to one; those which are Executive to another, and those which are
Judicial to another; and no person, or collection of persons, being of one of these departments,
shall exercise any power properly attached to either of the others, except in the instances herein
expressly permitted.


Tex. Const. art. II, § 1.
4. Sections 361.221(a)(1) and (2) were repealed in 1997 and replaced by sections 7.162(a)(1) and
(2) of the Texas Water Code. See Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 60 (b)(2), 1997
Tex. Gen. Laws 4094, 4142; Tex. Water Code Ann. §§ 7.162(a)(1), (2) (West Supp. 1998). Because
Elliott allegedly committed the offenses before the effective date of the 1997 Acts, however, the former law
remains in effect for purposes of the indictment in this case. The enacting legislation provides:


 A change in law made by this Act that relates to an administrative or civil penalty or the
revocation of a permit, license, certificate, registration, or other form of authorization issued
by the Texas Natural Resource Conservation Commission applies only to a violation that
occurred on or after September 1, 1997. A violation that occurs before September 1, 1997,
is covered by the law in effect when the violation occurred, and the former law is continued in
effect for that purpose.


Act of May 31, 1997, 75th Leg., R.S., ch. 1072, § 62(b), 1997 Tex. Gen. Laws 4094, 4142-43 (not
codified).
5. In 1997, the Texas legislature amended section 361.003(15) by renumbering the subsection. See
Tex. Health & Safety Code Ann. § 361.003(12) (West Supp. 1998). The 1997 amendments, however,
did not change the definition of hazardous waste. Because former section 361.003(15) was in effect at the
time Elliott was indicted, we will refer to the former law for purposes of this opinion.
6. Similar reasoning limiting a state statute's reference of a federal act to th